[No. 8,058.—Department One.]
Aug. 25, 1882.

## CHARLES R. GRAY *v.* THE SUPERIOR COURT OF AMADOR COUNTY, ETC.

61   337
86    77

JURISDICTION—SUBSTITUTION OF NEW UNDERTAKING ON APPEAL—STATUTES CONTINUED IN FORCE.—Upon an appeal from a Justice's Court, the Superior Court has power to authorize the appellant to file a new undertaking, in lieu of an undertaking insufficient in form.

ID.—JUSTIFICATION OF SURETIES.—Upon an exception to the sufficiency of sureties in an undertaking, other sureties appeared within five days before the Court Commissioner to justify; but on motion of the respondent, the examination was postponed until after the five days had expired; and the sureties were then examined and approved. Subsequently, on objection of the respondent to the justification, on the ground that the Court Commissioner had not taken the oath of office, the Court ordered the sureties to appear and justify before the Court, which was done accordingly.

*Held:* The action of the Superior Court with reference to the justification of the sureties, was clearly within its jurisdiction.

ID.—SUBSTITUTION OF NEW UNDERTAKING ON APPEAL—CASE DISTINGUISHED.—*McConky* v. *Superior Court,* 56 Cal. 84, distinguished.

APPLICATION for writ of prohibition.

The facts with regard to the justification of sureties were, substantially, as stated in the syllabus.

*Gray & Hall,* for Petitioner.

*John W. Armstrong,* for Respondent.

The COURT:

An instrument purporting to be an undertaking in the sum of more than one hundred dollars was filed in the Justice's Court with the notice of appeal for the payment of costs on appeal. In *McConky* v. *The Superior Court,* 55 Cal. 84, no undertaking for costs on appeal had been filed either in the Justice's or Superior Court; nevertheless, the latter Court was proceeding to hear the appeal. Prohibition issued, this Court saying: "Whether a proper undertaking for the payment of costs on appeal may be substituted in the Superior Court for one insufficient in form filed with the Justice, is not a question which the exigencies of this case demand of us to decide."

(56 Cal. 84.) In the case now before us the Superior Court permitted the appellant to file an undertaking in lieu of the undertaking insufficient in form. It was held by the Supreme Court of this State prior to the passage of the Act in terms authorizing the substitution (Stats. 1861, p. 589), that an appellant might file a new undertaking in place of one held insufficient in the Appellate Court. (*Stark* v. *Barrett*, 15 Cal. 360.) And this under a statute like Section 978 of the Code of Civil Procedure. (Practice Act of 1851, § 348.)

With respect to a question of practice, like that here presented, we do not feel authorized, at this late day, to disturb a ruling intended to assist parties to a hearing in the appellate Court. The action of the Superior Court with reference to the *justification of sureties* was clearly within its jurisdiction.

Demurrer sustained and proceeding dismissed.