[Civ. No. 992.   First Appellate District.—August 31, 1911.]

F. T. BLAKE, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY, and P. F. GOSBEY, Judge Thereof, Respondents.

JURISDICTION OF SUPERIOR COURT — APPEAL FROM JUSTICE'S COURT— ERRONEOUS DISMISSAL — MANDAMUS.—Where the superior court erroneously dismisses an appeal from a justice's court over which it has jurisdiction, upon the theory that it has no jurisdiction, *mandamus* will lie to compel it to hear and decide the cause.

ID.—NOTICE OF FILING OF UNDERTAKING NOT JURISDICTIONAL.—The requirement in section 978a of the Code of Civil Procedure that "notice of the filing of the undertaking must be given to the respondent" by the appellant, in a justice's court, is not a jurisdictional prerequisite to the appeal.

ID.—CONSTRUCTION OF CODE—PROBABLE INTENTION OF LEGISLATURE— FAILURE OF EFFECT—TIME FOR EXCEPTION OF SURETIES.—Although probably the legislature intended by the enactment of section 978a of the Code of Civil Procedure to remedy an abuse in regard to an exception to the sureties, by making notice of the filing of an undertaking a prerequisite thereto, and by making such notice one of the steps necessary to perfect the appeal, yet if so, it must be held that the legislature failed of its purpose by expressly requiring

that the sureties must be excepted to "within five days after the filing of the undertaking."

Id.—TIME FOR NOTICE NOT FIXED—ABSENCE OF PENALTY—OMISSION A MERE IRREGULARITY.—As no time is fixed in such section within which the notice of the filing of the undertaking must be given, and as no penalty is attached to the failure to give the same, it must be regarded as an act not essential to the perfecting of the appeal and the omission to give it as a mere irregularity.

PETITION for writ of *mandamus* to the Superior Court of Santa Clara County. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Will M. Beggs, and R. C. McComish, for Petitioner.

J. C. Black, for Respondents.

KERRIGAN, J.—This is a proceeding in *mandamus* against the superior court of Santa Clara county.

On January 31, 1911, the petitioner commenced an action in the justice's court of San Jose township against Eugenia M. Salisbury, and after appearance by defendant the case was regularly tried and judgment was entered for defendant. Subsequently and within thirty days from the date of the judgment, to wit, on March 14th, petitioner herein served and filed a notice of appeal, and executed and filed an undertaking on appeal in proper form and amount, but he did not serve upon Eugenia M. Salisbury or her counsel any notice of the filing of said undertaking. Later the papers in the cause were transmitted to the superior court of Santa Clara county, and in the month of May said court granted a motion theretofore made to dismiss the appeal on the ground that no notice of the filing of the undertaking was given as aforesaid, basing its ruling on section 978a of the Code of Civil Procedure.

The correctness of that ruling is the main question we are called upon to decide in this proceeding.

Respondent contends that under the terms of said section notice of the filing of the undertaking is an integral part of the procedure upon an appeal to the superior court, and

that, as no such notice was given in this case, the appeal was ineffectual for any purpose, and was properly dismissed.

We cannot agree with this contention.

Said section 978a reads as follows: "The undertaking on appeal must be filed within five days after the filing of the notice of appeal, and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

Probably the legislature intended by the enactment of this section to remedy an abuse to which the law had become subject, by providing that an exception to the sureties might be taken within five days after the filing of the undertaking and notice thereof, and by making the giving of this notice one of the steps necessary to vest the superior court with jurisdiction of the appeal; but if so, it must be held that the legislature failed of its purpose. According to the plain language of the section, the sureties must be excepted to within five days after the *filing* of the undertaking; and as no time is fixed within which the notice of such filing must be given, and as no penalty is attached to the failure to give the same, it must be regarded as an act not essential to the perfecting of the appeal and the omission to give it as a mere irregularity.

In support of this conclusion we need do no more than refer to the cases of *W. P. Jeffries Co.* v. *Superior Court,* 13 Cal. App. 193, [109 Pac. 147], and *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, [114 Pac. 978]. In the Jeffries case the facts were precisely similar to those in the one under consideration, and where the court held that the giving of the notice of filing the undertaking was not a jurisdictional prerequisite.

Where a superior court erroneously dismisses an appeal on the theory that it has no jurisdiction, *mandamus* will lie to compel it to proceed to hear and decide the cause. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, [114 Pac. 978].).

From what has been said it follows that the superior court of Santa Clara county has jurisdiction of the appeal, and the peremptory writ prayed for must therefore issue. It is so ordered.

Hall, J., and Lennon, P. J., concurred.