[Civ. No. 1045.   First Appellate District.—September 13, 1911.]

M. WIDRIN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO, and Hon. JOHN J. VAN NOSTRAND, Judge Thereof, Respondents.

APPEAL FROM JUSTICES' COURT—EXCEPTION TO SURETIES WAIVED—LAPSE OF TWELVE DAYS AFTER FILING BOND—ERRONEOUS DISMISSAL—MANDAMUS.—Under section 978a of the Code of Civil Procedure, the sureties on an undertaking on appeal to the superior court must be excepted to within five days after the filing of the bond regardless of the notice of the filing thereof provided in that section, and when the sureties were excepted to more than twelve days after the filing of the bond, though within five days after the notice of such filing, the exception is too late, and a dismissal of the appeal for failure of the sureties to qualify was erroneous, and *mandamus* will lie to compel the judge of the superior court to hear the appeal.

ID.—SERVING NOTICE OF FILING OF BOND NOT JURISDICTIONAL.—Under the terms of section 978a of the Code of Civil Procedure, the serving of notice of the filing of the bond upon appeal from the justices' court to the superior court is not jurisdictional, since that section expressly requires the sureties on the bond to be excepted to "within five days from the *filing* of the bond."

ID.—REMEDY FOR ERRONEOUS DISMISSAL OF APPEAL—MANDAMUS—WRIT OF REVIEW NOT PROPER.—Where the superior court dismisses a cause appealed thereto from the justices' court, on the erroneous assumption that it has no jurisdiction to entertain the same, its ac-

tion is tantamount to a refusal to hear and determine the cause, and a writ of mandate, and not a writ of review, is the proper remedy.

PETITION for writ of review of an order of the Superior Court of the City and County of San Francisco dismissing an appeal from the Justices' Court. J. J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Charles S. Perry, for Petitioner.

Gerald C. Halsey, for Respondents.

KERRIGAN, J.—The petitioner was the defendant in a certain action in the justices' court entitled, "*L. Bingham* versus *M. Widrin.*" Such proceedings were had therein that a judgment was regularly entered in favor of plaintiff and against the petitioner. Within thirty days after the rendition and entry of the judgment, to wit, on November 30, 1910, the petitioner served and filed a notice of appeal, filed an undertaking in proper form, and on December 10th gave notice thereof. On December 12th the plaintiff served a notice of exception to the sureties, whereupon the petitioner gave notice that the sureties would justify on December 16th. At the time and place specified the sureties appeared, and were ready and willing to qualify, but on account of an order theretofore made by the justice of the peace before whom the case was tried and before whom the justification was noticed to be made, all matters on his calendar for that day were postponed for one week; and by virtue of this order and by reason of the absence of the justice the examination of the sureties went over for one week, at which time other sureties appeared and qualified. Subsequently the papers in the case were transmitted to the superior court; and in the month of June, 1911, said court, upon a motion regularly made, dismissed the petitioner's appeal upon the ground that the sureties had not qualified within five days after exception to their sufficiency, as required by section 978a of the Code of Civil Procedure.

The petitioner relies principally upon the doctrine laid down in the case of *Dobson* v. *Dobson,* 7 Neb. 296, which holds

that where a party has done all the law requires him to do he shall not suffer because of the absence or fault of the court; but the view we have reached on another phase of the case renders a decision of this point unnecessary.

The attorney for the plaintiff acted upon the assumption —not without plausible reason—that he had five days after receiving notice of the filing of the bond within which to except to the sureties, and, accordingly, did not except to their sufficiency until twelve days after the filing of the bond. This, according to several recent decisions, was seven days late, for those cases hold that the giving of notice of the filing of the bond is not jurisdictional, and that notice of exception to the sufficiency of sureties must, following the language of the code, be given within five days from the *filing* of the bond. (*W. P. Jeffries Co.* v. *Superior Court,* 13 Cal. App. 193, [109 Pac. 147]; *Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, [114 Pac. 978]; *Blake* v. *Superior Court, ante,* p. 51, [118 Pac. 448].)  We hold, therefore, that the bond having been duly filed, and the sureties thereon not being excepted to within the time required by law the appeal was properly perfected, and that the superior court therefore had jurisdiction to hear and determine the appeal.

The petition in the present case is for a writ of review; but it has been recently held that where an inferior court dismisses a cause upon the erroneous assumption that it has no jurisdiction to entertain the same, its action is tantamount to a refusal to hear and determine the cause, and that the aggrieved party's remedy is by a writ of mandate to compel the court to do so. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, 114 Pac. 978.)

It is therefore ordered that a writ of mandate issue from this court, directed to the superior court of the state of California, in and for the city and county of San Francisco, and to Hon. John J. Van Nostrand, judge thereof, commanding said court and judge to proceed to hear and determine the said cause.

Hall, J., and Lennon, P. J., concurred.