[Civ. No. 1849.    Third Appellate District.—April 29, 1918.]

## RUBIN FEST, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY et al., Respondents.

JUSTICE'S COURT APPEAL—JUSTIFICATION OF SURETIES ON UNDERTAKING—WAIVER.—Where an undertaking on appeal from a justice's court was filed which was on its face in due form and duly executed and notice thereof served, and plaintiff demanded that the sureties justify, but before day of justification stipulated that defendant might justify at a time unauthorized by section 978a of the Code of Civil Procedure, the superior court should have treated the stipulation as a waiver of justification and have entertained the appeal on the assumption that a sufficient undertaking had been filed.

ID.—REVIEW OF ACTION OF SUPERIOR COURT—MANDAMUS.—*Mandamus* is available as one of the means of determining whether the superior court was justified in dismissing an appeal from a justice's court for failure of the sureties on the undertaking to justify as provided by section 978a of the Code of Civil Procedure.

APPLICATION for a Writ of Mandamus originally made to the District Court of Appeal for the Third Appellate District to compel the Superior Court to proceed with the trial of a Justice's Court appeal.

The facts are stated in the opinion of the court.

W. F. Cowan, for Petitioner.

C. C. Cowgill, for Respondents.

CHIPMAN, P. J.—*Mandamus.* Alleging the official capacity of defendants, the petition sets forth the following facts: That on December 24, 1917, in the said justice's court of Sonoma Township, Sonoma County, a judgment was made and entered in an action wherein J. H. Murray was plaintiff and Rubin Fest, petitioner herein, was defendant, in favor of said plaintiff Murray and against petitioner herein for the sum of $86, claimed by said Murray to be due him as costs in an action pending wherein he was performing the duties of constable; that on January 18, 1918, petitioner duly filed and served notice of appeal, together with a sufficient undertaking on appeal, and did duly perfect an appeal from said judgment to the superior court of said county; that on January 21, 1918, said judgment creditor served notice upon petitioner that the sureties on said bond would be required to justify before said justice, and immediately thereupon petitioner notified said judgment creditor that said sureties would justify before said justice, within five days after the receipt of said notice requiring justification, to wit, on the twenty-sixth day of January, 1918, at the hour of 11 o'clock A. M.; that on January 22, 1918, and after service of notice requiring justification, C. C. Cowgill, Esq., attorney for said Murray in said action, "wrote to W. F. Cowan, attorney for petitioner, stating that he would be engaged in the trial of an action in San Francisco on the twenty-fifth day of January, 1918, and thereafter in a communication over the telephone, owing to the uncertainty of whether Mr. Cowgill would return to Sonoma on the twenty-sixth day of January, 1918, to attend said justification, Mr. Cowgill thereupon consented that said justification might be continued until January 30, 1918, and pursuant thereto, said Mr. Cowgill on the twenty-sixth day of January, 1918, caused to be filed in said justice's court a stipulation extending the time for said justification to January 30, 1918, at 11 o'clock A. M. That pursuant to the provisions of section 978a of the Code of Civil Procedure of the state of California, justification by the sureties on such an appeal bond is required to be made within five days after the service of notice requiring such justification, and this petitioner and said sureties, had not said stipulation been made, were ready, able, and willing to justify within the five days required, to wit, on January 26, 1918, at 11 o'clock A. M., in said court pursuant to the notice theretofore given to that effect, and would have so justified had not

said stipulation been signed, and this petitioner alleges that by reason of the signing of said stipulation and the filing thereof by said judgment creditor, his right to require a justification of said sureties within said five days was waived''; that petitioner did not justify at the time specified in said stipulation because said court would have no jurisdiction to entertain said matter after a period of five days had expired, ''but petitioner, however, did in good faith and in an attempt to comply with said stipulation file a bond on appeal executed by a reliable and solvent surety company''; (this bond was filed January 28, 1918) ; that on or about February 11, 1918, said Murray moved the said superior court for an order dismissing said appeal ''on the ground solely that the sureties on the original undertaking on appeal in said action had not justified within five days or within the time reequired by section 978a of the Code of Civil Procedure,'' and thereafter said Thos. C. Denny, judge of said superior court, made an order dismissing said appeal; that said court and said judge ''do now refuse to proceed with the hearing of said trial or to hear or determine the same upon its merits.''

There are averments in the petition to the effect that said justice of the peace threatens to issue execution on said judgment and cause the same to be levied on the property of petitioner. But the writ was not served upon said justice of the peace and he has not answered or appeared.

Respondent, Judge Denny, appeared and moved to strike out the averments of the petition relating to the filing of said stipulation on the ground that they are evidentiary and not ultimate facts. He also interposed a demurrer on the grounds: 1. That there is a misjoinder of parties; 2. That several causes of action have been improperly united; 3. That the petition is ambiguous; 4. That the petition does not state facts sufficient to constitute a cause of action.

In his answer, respondent Denny admits most of the averments of facts. As to the alleged stipulation, ''alleges that C. C. Cowgill, attorney for plaintiff, at the request of W. F. Cowan, attorney for defendant, and not otherwise, signed said stipulation; but denies that by reason of said stipulation or otherwise or at all, plaintiff waived the justification of the sureties on said undertaking.'' On information and belief, denies the averments of the petition that said sureties were ready, able, and willing to justify as alleged in the petition,

and denied that they would have appeared and justified but for said stipulation; alleges "that on the twenty-seventh day of February, 1918, defendant Honorable Thos. C. Denny, as judge of said superior court, duly made an order dismissing defendant's appeal to said superior court in the case of *J. B. Murray* v. *Rubin Fest*, and said order has not been modified, set aside, or repealed, but remains in full force and effect."

The matters sought by the motion to be stricken from the petition were the averments of facts on account of which the waiver mentioned in the petition is claimed. While some of the alleged facts may be evidentiary, we think it was proper to state such as might in petitioner's view constitute a waiver.

The misjoinder of parties alleged as ground of demurrer need not be considered. The justice of the peace named as a defendant was not served with the writ and has not appeared. The matter may properly be heard as concerning only the superior court and the judge thereof. We think *mandamus* was available to petitioner as one of the means by which the question may be determined. (*Clay* v. *Superior Court*, 32 Cal. App. 190, [162 Pac. 416].)

The points urged by respondent, in support of his general demurrer, are so closely related to his argument upon the merits that we think it best to dispose of the case on its merits as disclosed by the facts.

Did the stipulation to fix the date on which to justify on the bond have the effect to waive justification? The stipulation signed by the attorney of plaintiff in the action reads as follows: "It is hereby stipulated and agreed, that the defendant and appellant herein may have until and including January 30, 1916, in which to justify on the bond on appeal given herein." Section 978a of the Code of Civil Procedure provides that "the undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent." Admittedly this was done. The section also provides that "the adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

It has been held that justification of the sureties must be made within five days after notice served, otherwise the superior court has no jurisdiction to entertain the appeal. (*Crowley* v. *Superior Court,* 10 Cal. App. 342, [101 Pac. 935] ; *Coker* v. *Superior Court,* 58 Cal. 177.) It has also been held that the party excepting to the sufficiency of the sureties may waive his objection but the waiver must be made within the five days required for the justification. (*Crowley* v. *Superior Court, supra; Budd* v. *Superior Court,* 14 Cal. App. 256, [111 Pac. 628] ; *Fletcher Collection Agency* v. *Superior Court,* 31 Cal. App. 193, [159 Pac. 1049] ; *Clay* v. *Superior Court,* 32 Cal, App. 189, [162 Pac. 416].) As we understand the Crowley and Budd cases, the justification must be made within five days after notice of exception to the sureties on appeal bond has been filed in the justice's court, but not within five days after notice of appeal and filing of the undertaking. In the present case, the notice excepting to sureties was filed December 21, 1916. December 26, 1916, was, therefore, the last day on which the sureties could justify. Justification was not effected on that day and the record so appearing when the motion to dismiss the appeal was made, the judge of the superior court granted the motion on the ground of lack of jurisdiction to try the case.

The contention of petitioner is that in stipulating that the justification would be made at a date when it would have been futile and of no effect, plaintiff in the action waived justification. The argument is thus stated by petitioner: "It is apparent that appellant would have caused justification thereof to be made had not respondent consented that it be made at another time and place. Respondent was the only person who could require justification, and he was the only person who could forego justification. Respondent in effect said to appellant, you must justify in the manner required by law, but before that time had expired, by virtue of his stipulation, he in effect said, you need not justify in the manner required by law but you can justify at another time and place, to wit: a time and place over which the court had no jurisdiction. . . . At the time of filing the stipulation, respondent had the legal right to waive the justification, and when he stated to appellant that he need not justify (which is the effect of the stipulation), it certainly must be construed as a waiver."

Respondent, quoting from volume 28 of Am. & Eng. Ency. of Law, 526, says: "Waiver is usually a question of intent, and knowledge of the right and an intent to waive it must be made to appear plainly, and this is to be determined usually from the declarations and conduct of the parties."

It is quite likely that plaintiff's attorney did not intend to waive justification. His appearance at the office of the justice of the peace on December 30th, in accordance with the stipulation, would seem to indicate such to be the fact. Still he was the moving party in the matter for whose convenience the delay was asked, and it was upon his stipulation filed in the case that the date was fixed at a time when justification would have been a nugatory act, and the superior court would have been authorized, and it was its duty, to disregard it and look only to the date when the bond was in fact filed and notice thereof given. The stipulation fixed a time when it was legally impossible to justify, and it seems to us was in legal effect a waiver, and that defendant had the right to treat it as a waiver of plaintiff's right to require justification.

To put the matter briefly as it was before the superior court and as the record shows: An undertaking was filed on its face in due form and duly executed and notice thereof served; plaintiff demanded that the sureties justify; before the day arrived for justification, plaintiff filed a stipulation that defendant might justify at a time unauthorized by the statute. Such being the facts, the superior court could not do otherwise than to treat the stipulation as a waiver and entertain the appeal on the assumption that a sufficient undertaking had been filed.

Let the writ issue commanding the said superior court to set the said cause of *Murray* v. *Fest* for trial on its merits and proceed with the trial thereof.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 27, 1918.