[Civ. No. 4271.   Second Appellate District, Division One.—April 26, 1923.]

CHAS. J. HELLNER, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JUSTICES' COURTS—APPEAL—UNDERTAKING—EXCEPTION TO SURETIES —TIME.—Exception to the sureties on an undertaking on appeal from the justice's court may be taken before or after any formal notice of the filing of the undertaking, provided it is taken within five days after such filing.

[2] ID.—ERRONEOUS DISMISSAL OF APPEAL—MANDAMUS.—Where an appeal from the justice's court is perfected and the notice of undertaking given in full compliance with the method prescribed by law and no exception to the sureties is taken within the time required by law, there exists no legal ground for dismissal of the appeal, and a writ of mandate is an appropriate remedy to compel the reinstatement of the appeal.

PROCEEDINGS on application for a Writ of Mandate to compel the vacation of an order of dismissal of a Justice's Court appeal. John M. York, Judge. Writ granted.

The facts are stated in the opinion of the court.

Ingle Carpenter and Chas. W. Fouri for Petitioner.

H. G. Bittleston and Edward Judson Brown for Respondents.

---

2. *Mandamus* to compel a court to reinstate or proceed with hearing of an appeal that it has erroneously dismissed, note, 4 A. L. R. 655.

CONREY, P. J.—On petition for writ of mandate. The return to the alternative writ does not raise any issues of fact of any importance.

In an action in the justice's court wherein the petitioner Hellner was defendant, judgment was rendered against the defendant on the nineteenth day of January, 1923. On January 30th the defendant filed a notice of appeal, and also filed an undertaking on appeal. On Monday, the fifth day of February, before noon, he served on the attorneys for the plaintiff notice of the appeal and notice of the filing of the undertaking on appeal, said notice setting forth the date of the filing of said undertaking on appeal. On February 9th the plaintiff filed in the justice's court and served on the defendant a notice of exception to the sufficiency of the sureties on said undertaking and requiring that they justify as required by law. On February 6th the certified copy of the justice's docket and the other documents required to be filed in the superior court on appeal from a judgment of a justice's court were filed in the superior court of Los Angeles County. Thereafter the plaintiff moved the court to dismiss said appeal on the ground that the defendant's sureties, or other sureties in their place, had failed to justify, notwithstanding that they had been duly served with notice of exception to the sureties on said undertaking. The court granted said motion and dismissed the appeal. By reason of the facts stated, petitioner asks for a writ of mandate commanding the respondent court to vacate said order of dismissal and to reinstate the appeal and proceed with the trial of the cause.

[1] The law which governs this case is found in section 978a of the Code of Civil Procedure. The time allowed to the respondent on an appeal from a justice's court within which he may except to the sufficiency of the sureties on an undertaking on appeal is defined by the phrase "within five days after the filing of the undertaking." In this case that time (allowing an extra day because the fifth day was Sunday) expired on the fifth day of February. Notwithstanding that said section of the code provides that "notice of the filing of the undertaking must be given to respondent," no action by respondent is made to depend upon or follow the giving of this notice. "The exception

to the sureties seems to have no direct relation to or connection with this notice. It may be taken before or after any formal notice of the filing of the undertaking, provided it is taken within five days after such filing.'' (*Rigby* v. *Superior Court,* 162 Cal. 334, 339 [122 Pac. 958, 960]; *Blake* v. *Superior Court,* 17 Cal. App. 51 [118 Pac. 448].)

[2] Since the appeal was perfected and the notice of undertaking given, in full compliance with the method prescribed by law, and since the respondent on appeal did not except to the sureties within the time required by law, there exists no legal ground for dismissal of the appeal on the record here presented. And as petitioner has no remedy by appeal, the writ of mandate furnishes an appropriate remedy. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978]; *Widrin* v. *Superior Court,* 17 Cal. App. 93 [118 Pac. 550].)

Let the peremptory writ issue.

Houser, J., and Curtis, J., concurred.