[Civ. No. 2906.    Third Appellate District.—September 15, 1924.]

A. LUCCHESI et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SONOMA et al., Respondents.

[1] MANDAMUS—DISMISSAL OF JUSTICE'S COURT APPEAL—ABSENCE OF UNDERTAKING—RECORD.—While it is a rule that where it is made clearly to appear that the superior court has improperly or erroneously dismissed an appeal from a justice's court *mandamus* will lie to compel the former court to reinstate the appeal and proceed with the trial or hearing of the case, such rule cannot be made to apply where, so far as the record itself discloses, the superior court was justified in dismissing the appeal upon the ground of want of jurisdiction in that a jurisdictional prerequisite had not been followed in the taking of the appeal, to wit, the filing of an undertaking as required by section 978 of the Code of Civil Procedure.

[2] ID.—DISCRETION—WHEN WRIT APPROPRIATE.—Mandamus will not control discretion, but is appropriate only to compel the performance of a duty or an act by an officer, etc., that the law makes it incumbent on him as such to perform.

---

(1) 4 C. J., p. 612, sec. 2450.    (2) 38 C. J., pp. 593; 597, sec. 71.

PROCEEDING in Mandamus to compel the Superior Court of Sonoma County to vacate order dismissing Justice's Court appeal and to proceed with trial of cause. Ross Campbell, Judge. Writ denied.

The facts are stated in the opinion of the court.

---

1. See 2 Cal. Jur. 130; 16 Cal. Jur. 835.
2. See 16 Cal. Jur. 809; 18 R. C. L. 124.

Spencer G. Prime for Petitioners.

Hilliard Comstock and J. Harold McAlpine for Respondents.

HART, J.—This is a proceeding in mandate. The respondents filed an answer denying all the allegations of the petition and also filed a general demurrer thereto.

On the twenty-fourth day of April, 1924, a judgment was rendered and entered by the justice's court of Bodega township, county of Sonoma, against the petitioners, doing business as partners, and in favor of one C. Fiori for the sum of $265 and costs. On the fourth day of May, 1924, the petitioners, as defendants in said action, served and filed a notice of appeal to the respondent court from said judgment, on questions of law alone. It is alleged in the petition that at the time of the filing of said notice of appeal, the petitioners duly filed an undertaking on appeal from said judgment for the stay thereof and for costs of appeal; that thereafter, and on June 9, 1924, the plaintiff in said action, Fiori, by his attorneys, served upon the attorney for the plaintiffs in said action a notice of motion to dismiss said appeal, upon the ground, among others specified, that neither the petitioners as defendants and appellants in said action nor their attorney had filed with the justice of said Bodega township, "from which Justice's Court said purported appeal is taken, or with the clerk of the Superior Court of the County of Sonoma, . . . the undertaking on appeal as provided by law for the filing of such undertaking or at all"; that on the eleventh day of July, 1924, the motion to dismiss said appeal was heard by the respondent court and that the said motion having been submitted for decision, the said court, on the thirtieth day of July, 1924, made and entered its order dismissing said appeal, upon the ground, as expressly stated by the court, that the court was without jurisdiction to entertain the appeal because no undertaking on appeal had been filed.

The motion to dismiss the appeal was supported by the affidavits of the attorneys for the respondents here (for the defendant in said action), averring, among other things, that "no undertaking on appeal nor any undertaking of any sort

with connection with said appeal has ever been filed with said Justice nor in said action at all, and that no notice of the filing of an undertaking of any kind on appeal has ever been served on either or both of the plaintiffs' attorneys.''

No counter-affidavits were filed by the petitioners, but attached to the petition here is the order dismissing the appeal, together with a brief statement of the respondent court giving its reasons for the making of said order. It appears from this statement that the petitioners, at the hearing of the motion to dismiss the appeal, "offered affidavits and oral testimony to dispute or correct the record on appeal from the Justice's Court"; that to the proposed evidence counsel for the respondent on appeal objected, but the evidence was received "subject to the objection and the ruling reserved"; that on deciding the motion to dismiss and in making its order of dismissal, the court held that the proposed evidence was inadmissible for the purpose offered and thereupon sustained the objection thereto and excluded the proffered testimony and affidavits. The court's statement further disclosed, as the attorney for the petitioners at the hearing of this proceeding admitted was true, that no undertaking of any kind was among the papers, documents, etc., constituting the transcript on appeal which was transmitted to the respondent court upon the taking of the appeal. In the course of the hearing of this proceeding the attorney for petitioners also admitted that there was nothing in the docket of the justice's court showing or indicating that any undertaking on appeal had ever been filed in said court on the taking of the appeal or at any time.

The nature of the testimony and the contents of the affidavits offered by the petitioners at the hearing of the motion to dismiss the appeal before the respondent court is not revealed by the record on the present application. It is, however, stated by the counsel for the petitioners in his points and authorities filed herein, as it was also stated by him in his oral argument in this proceeding, that the proposed oral testimony and the affidavits would have shown, or, at least, tended to show that, within due legal time after the notice of appeal was filed and served, he, personally, delivered to and so filed with the justice of the justice's court in which the action was tried and the judgment entered

a sufficient undertaking for the payment of the costs on appeal and for a stay of the execution of said judgment.

The prayer of the petition herein is that a writ of mandate be issued out of this court commanding the respondent court to vacate the order dismissing the said appeal and to proceed with the trial of the cause.

[1]   While it is the settled rule that where it is made clearly to appear that the superior court has improperly or erroneously dismissed an appeal from a justice's court *mandamus* will lie to compel the former court to reinstate the appeal and proceed with the trial or hearing of the case (*Golden Gate Title Co. etc.* v. *Superior Court*, 159 Cal. 474 [11 Pac. 978]), the record before us does not justify the application here of that rule.   In other words, so far as the record itself discloses, the superior court was justified in dismissing the appeal upon the ground of want of jurisdiction in that a jurisdictional prerequisite had not been followed in the taking of the appeal, to wit, the filing of an undertaking as required by section 978 of the Code of Civil Procedure.   As pointed out above, the affidavits filed by the defendant in the action alleging that no such undertaking had been filed was not rebutted, so far as this record discloses, by the petitioners. The petitioners, however, in effect, ask this court to compel respondent court to reverse its rulings as to the evidence offered by them in asserted rebuttal of the showing made by the respondent in the court below.   But, assuming that in a proceeding of this nature the rulings referred to are reviewable and that this court could compel the court below to receive parol evidence pertinent to the questions arising upon the motion to dismiss, the difficulty in the way of such a review lies in the fact that there is nothing before us to show the character of the evidence thus offered or whether, if received, it would reflect any light on the issue before the respondent court on the motion to dismiss.   And it is for this reason that we cannot consider the question whether, where pertinent oral evidence is offered to show that an undertaking on appeal in the justice's court was actually filed in due time, the justice's record not showing the filing of any such undertaking, either mandate or *certiorari* will lie to compel the respondent court, after it has ordered a dismissal of the appeal on the ground that no undertaking

had been filed, to receive such evidence and consider it in passing on the motion to dismiss, although in this connection it may be stated that it has been held that, as a general rule, a refusal to permit a petitioner to prove matters in the lower court cannot be reviewed by *mandamus* and that the writ will not issue to compel the lower court to admit certain evidence which it has rejected. (18 R. C. L., sec. 258, p. 314; note to 98 Am. St. Rep. 902.)

There is no impropriety in suggesting the obvious proposition, however, that if parol testimony and other evidence *dehors* the record on appeal had been taken upon the question whether an undertaking had in fact been filed in due time and a substantial conflict in such evidence appeared, the finding of the respondent court on that question would be conclusive upon this court. [2] It is elementary that *mandamus* will not control discretion, but is appropriate only to compel the performance of a duty or an act by an officer, etc., that the law makes it incumbent on him as such to perform.

The demurrer to the petition is sustained and the writ denied.

Plummer, J., and Finch, P. J., concurred.

A petition by petitioners to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 13, 1924.

All the Justices concurred.