## ROY C. CORRIGAN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA et al., Respondents.

[1] JUSTICE'S COURT—APPEAL—JUDGMENT OF DISMISSAL—CERTIORARI. A writ of *certiorari* will lie to annul a judgment of dismissal of an appeal from the justice's court on questions of law alone, where such appeal was regularly perfected and argued upon the merits in the superior court by counsel for the respective parties and submitted to the superior court for decision of the questions of law involved therein, and no motion to dismiss the appeal was made.

[2] ID.—APPEAL—DISMISSAL—MERITS.—A judgment of dismissal of an appeal implies that it is not a determination of the merits of the appeal.

[3] ID.—DISMISSAL OF APPEAL—EFFECT OF.—A dismissal of an appeal is nothing more or less than a refusal to proceed in the action. The dismissal of an appeal duly perfected and diligently prosecuted is in effect nothing more nor less than an attempted abdication of a jurisdiction which the court is bound in every proper case to exercise. It is, in other words, a refusal to decide a cause which it is the plain statutory duty of the court to decide.

[4] ID.—JUDGMENT OF AFFIRMANCE—ENTRY BY CLERK OF JUDGMENT OF DISMISSAL — JURISDICTION OF SUPERIOR COURT. — Where the judgment entered by the clerk dismissing a justice's court appeal is void because it is not the judgment ordered by the superior court, the judgment of the latter court being one affirming the judgment of the justice's court, it is still within the power of the superior court to enter a judgment affirming the judgment of the justice's court, in accordance with its original order.

[5] ID.—PETITIONER FOR WRIT—RIGHT TO COSTS.—A petitioner for a writ of *certiorari* to annul a judgment of dismissal of an appeal

---

1.  See 4 Cal. Jur. 1043.
2.  See 2 Cal. Jur. 771.
5.  See 7 Cal. Jur. 272.

from the justice's court on questions of law alone, which judgment of dismissal was inadvertently entered by the clerk after the superior court had ordered an affirmance of the judgment, is not entitled to recover costs from the respondent (superior) court or the judge thereof.

---

(1) 4 C. J., p. 514, n. 96, p. 606, n. 81; 11 C. J., p. 128, n. 88. (2) 4 C. J., p. 606, n. 76 New.  (3) 4 C. J., p. 606, n. 76 New. (4) 35 C. J., p. 809, n. 16 New.  (5) 11 C. J., p. 215, n. 26 New.

PROCEEDING in Certiorari to annul a judgment of the Superior Court of Solano County dismissing a Justice's Court appeal. W. T. O'Donnell, Judge. Judgment annulled.

The facts are stated in the opinion of the court.

Lindauer & Horan for Petitioner.

Russell F. O'Hara for Respondent.

FINCH, P. J.—Petitioner applies for a writ of *certiorari* to review an order of the superior court dismissing an appeal, on questions of law alone, from a judgment of the justice's court of Vallejo township, Solano County. Both the petition and the return show that the appeal was regularly perfected and that it was argued upon the merits in the superior court by counsel for the respective parties and submitted to the court for decision of the questions of law involved therein. No motion to dismiss the appeal was made. The clerk's record shows the entry of a judgment dismissing the appeal. From affidavits presented at the hearing in this court, which cannot be considered, of course, for the purpose of impeaching the record, it appears that the court ordered the affirmance of the judgment, and the judgment of dismissal was inadvertently entered by the clerk.

[1] In *Buckley* v. *Superior Court*, 96 Cal. 119 [31 Pac. 8], it was held by a divided court that the writ of *certiorari* will not lie to annul a judgment of dismissal of an appeal, even though such judgment is "entirely without support in the law." The decision in that case, however, has been overruled. (*Golden Gate Tile Co.* v. *Superior Court*, 159

Cal. 474 [114 Pac. 978]. See, also, *Peacock* v. *Superior Court,* 163 Cal. 701 [126 Pac. 976], and *Lucchesi* v. *Superior Court,* 68 Cal. App. 634 [229 Pac. 996]; *Hellner* v. *Superior Court,* 61 Cal. App. 785 [215 Pac. 709]; *Terminal Railway* v. *Superior Court,* 48 Cal. App. 586 [192 Pac. 116]; *Fest* v. *Superior. Court,* 37 Cal. App. 95 [173 Pac. 610]; *Rauer's Law etc. Co.* v. *Superior Court,* 26 Cal. App. 289 [152 Pac. 957].)

"The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from." (Code Civ. Proc., sec. 955.) [2] A judgment of dismissal, however, implies that it is not a determination of the merits of the appeal. A dismissal applies "to a removal out of court prior to a judgment on the merits." (9 Cal. Jur. 505.) [3] "A dismissal of the appeal is nothing more or less than a refusal to proceed in the action." (*Golden Gate Tile Co.* v. *Superior Court, supra.*) A dismissal of an appeal "duly perfected and diligently prosecuted . . . is in effect nothing more nor less than an attempted abdication of a jurisdiction which the court is bound in every proper case to exercise. It is, in other words, a refusal to decide a cause which it is the plain statutory duty of the court to decide." (*Edwards* v. *Superior Court,* 159 Cal. 710, 712 [115 Pac. 649, 650].) [4] Since the judgment entered by the clerk dismissing the appeal is void, and, according to the facts stated in the affidavits, it is not the judgment ordered by the court, it is still within the power of the superior court to enter a judgment affirming the judgment of the justice's court, in accordance with its original order. (*Edwards* v. *Superior Court, supra.*)

In this case the superior court would doubtless have vacated the erroneous entry of dismissal of the appeal if application had been made therefor. It will be the policy of this court in future to require that application be first made to the superior court for relief in similar cases. [5] The petitioner is not entitled to recover costs from the respondent court or the judge thereof. (*Platnauer* v. *Superior Court,* 33 Cal. App. 394 [165 Pac. 41].)

The judgment dismissing the appeal from the justice's court is annulled.

McDaniel, J., *pro tem.,* and Plummer, J., concurred.