[Civ. No. 7865. Second Appellate District, Division One.—June 8, 1931.]

DR. ALFRED JACQUES, Petitioner, v. THE SUPERIOR COURT OF SANTA BARBARA COUNTY, Respondent.

Schauer, Ryon & Goux and Leo T. McMahon for Petitioner.

No appearance for Respondent.

CONREY, P. J.—In the Justice's Court of the Second Judicial Township of the County of Santa Barbara, in an action of Dr. Alfred Jacques against Mrs. C. W. Hayward, judgment was entered in favor of the plaintiff for the sum of $205.06 and costs. From that judgment the defendant appealed to the superior court. Thereafter plaintiff moved for dismissal of the appeal on the ground that there was no proper record therein, in that no bill of exceptions or reporter's transcript was before the court, and also in that the judgment-roll was not certified by the judge of the justice's court from which the appeal was taken. Said motion having been denied, plaintiff applied to this court for a writ of review for the purpose of annulling the order and compelling the superior court to dismiss the appeal. Although the writ of review was issued and the case is now before us on the return to the writ, the appropriate remedy, if petitioner is entitled to relief, would seem to be a writ of mandate requiring respondent to dismiss the appeal.

The case for petitioner is based upon the assumption that, as alleged in the petition, the said second judicial township is a township having a population of over 30,000 persons. For the purposes of this decision, since the statement as to population is not controverted, we are assuming that the population of said township is as alleged in the petition.

By legislation enacted in the year 1929, judicial townshipships were classified so that the practice and procedure in justices' courts in cities, cities and counties, towns and judicial townships having a population of 30,000 or more are so amended that civil actions therein are required to be commenced and prosecuted in the manner provided by law for the commencement and prosecution of civil actions in municipal courts of this state, "and the rules of pleading and .practice applicable to the prosecution of civil actions and enforcement of judgments in the municipal courts of this state shall apply to and govern the prosecution and maintenance of civil actions and enforcement of judgments in said justices' courts". (Code Civ. Proc., sec. 831h.) By code amendments adopted in the year 1927 and re-enacted in 1929 it was provided that the rules of pleading and practice applicable to the prosecution of civil actions and enforcement of judgments in the superior court of this state shall apply to and govern the prosecution and maintenance of civil actions and enforcement of judgments in the municipal courts of this state (with certain exceptions not pertinent to this case). (Code Civ. Proc., sec. 831d; *People* v. *Justice's Court*, 212 Cal. 603 [299 Pac. 731].) It was further provided that the clerk of the municipal court shall, with respect to proceedings therein, exercise all powers conferred by law upon the clerk of the superior court with respect to proceedings in the superior court. (Code Civ. Proc., sec. 831f, as amended in 1927.) By amendment enacted in the year 1929, it was further provided that appeals from justices' courts in cities, cities and counties, towns and judicial townships having a population of 30,000 or more shall be taken, heard and determined as provided in relation to appeals from municipal courts. (Code Civ. Proc., sec. 982a.) By section 988a of the Code of Civil Procedure, as enacted in 1927 and amended in 1929, the provisions of the code relating to bills of exception and transcripts for use on appeal in cases appealed from the superior courts are made applicable to proceedings in municipal courts.

From the foregoing statement relating to the amended procedure in municipal courts and in justices' courts, it appears that where an appeal is taken from a judgment of a justice's court in a township having a population of

30,000 or more, the record on appeal must be prepared in accordance with the procedure established for appeals from superior courts.

In this proceeding, the record, as exhibited by the return to the writ, shows that the appellant did not cause to be prepared or settled or filed any bill of exceptions, and did not cause to be prepared any reporter's transcript on appeal in accordance with the provision of section 953a of the Code of Civil Procedure. But from the record it does not appear that written notice of entry of judgment has been served, nor does it appear that such notice has been waived in writing or by oral stipulation made in open court and entered in the minutes. We must presume that respondent court found that there had been no such service or waiver. This being so, the time limited by statute for preparing the record on appeal has not expired, and the right of appellant to prepare and file such record has not lapsed. This alone is a sufficient answer to petitioner's claim that respondent court is in duty bound to dismiss the appeal and that said court is without jurisdiction to proceed therein except by way of dismissal. (Code Civ. Proc., sec. 953d; *Sterling Corp.* v. *Superior Court*, 207 Cal. 370 [278 Pac. 859]; *Griffin* v. *Kent*, 206 Cal. 263 [274 Pac. 56].)

The order is affirmed.

Houser, J., and York, J., concurred.