[Civ. No. 1415. Fourth Appellate District.—February 2, 1933.]

WASHINGTON NATIONAL INSURANCE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

Kemp, Partridge & Kemp and Estudillo & Schwinn for Petitioner.

Harmon C. Brown for Respondents.

MARKS, J.—This is an original proceeding instituted here to compel, by writ of mandate, the respondent court and judge to vacate an order dismissing an appeal from the Justice's Court of Riverside Township, and permitting petitioner to either amend its undertaking on appeal or file another undertaking.

Riverside Township has a population in excess of thirty thousand. Petitioner brought suit in the Justice's Court of Riverside Township against Guy E. Farmer. Judgment was rendered for defendant and petitioner appealed to the Superior Court of Riverside County. The record was prepared and transmitted to the clerk of that court and the case set for trial on October 28, 1932. On the day of trial, without giving notice of his intention so to do, Farmer moved to dismiss the appeal on the ground that the undertaking on appeal was void and did not confer jurisdiction upon the superior court. Appellant there, petitioner here, asked leave of court to either amend its undertaking on appeal or to file another undertaking. The request was denied and the appeal dismissed.

The sole question before us is whether or not the undertaking was void or merely defective, so that it could be corrected by amendment or by filing another undertaking.

The penalty of the undertaking was as follows: " . . . does hereby undertake and promise on the part of the Appellant, that said appellant will pay all costs which may be awarded against the defendant on the appeal, or on a dismissal thereof, not exceeding the sum of one hundred & no/100 ($100.00) dollars, to which amount it acknowledges itself bound."

It is admitted that the undertaking was sufficient under the provisions of section 978 of the Code of Civil Procedure, providing for bonds on appeal from certain justices' courts to superior courts. Section 982a of the same code makes the provisions of the chapter in which section 978 is found inapplicable to appeals from justices' courts in townships having a population of thirty thousand or more. Appeals from these courts must be taken in the manner prescribed for appeals from municipal courts.

Section 985 of the Code of Civil Procedure provides that in appeals from municipal courts the undertaking on appeal must be "conditioned for the payment of all costs of appeal and *any damages that may be awarded against the appellant on the appeal*". The italicized portion of the quotation does not appear in the undertaking in question.

■ Where a superior court has wrongfully divested itself of jurisdiction of a cause, mandate is the correct remedy to cure the error. (*Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978] ; *Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 976] ; *Hellner* v. *Superior Court*, 61 Cal. App. 785 [215 Pac. 709] ; *Pacific States Corp.* v. *Superior Court*, 72 Cal. App. 241 [236 Pac. 938] ; *Jacques* v. *Superior Court*, 114 Cal. App. 644 [300 Pac. 472].)

■ Where an appellant, from a judgment of a justice's court, has in good faith attempted to file an undertaking on appeal which is defective in form, but is not void so that it must be regarded as no undertaking, an application to amend the undertaking or file another undertaking should be granted though section 954 of the Code of Civil Procedure does not apply to appeals to superior courts. (*Gray* v. *Superior Court*, 61 Cal. 337; *Werner* v. *Superior Court*, 161

Cal. 209 [118 Pac. 709]; *Cohen* v. *Connick,* 26 Cal. App. 491 [147 Pac. 479].)

The facts in the case of *Jarman* v. *Rea,* 129 Cal. 157 [61 Pac. 790], are so similar to those of the instant case that its decision is determinative of the question before us. In the Jarman case, the undertaking on appeal did not bind the sureties to pay all damages and costs "on a dismissal thereof", as was then required by section 941 of the Code of Civil Procedure. In holding that the undertaking was merely defective and could be corrected, the Supreme Court said:

"On the other hand, the undertaking may be defective in the form in which it is framed, and yet sufficiently indicative of an intent to comply with the terms of the statute as to be binding upon the sureties, or it may be defective in that it indemnifies the respondent against only a portion of the costs and damages that may be awarded him. . . .

"It cannot be said in the present case that there is an entire want of the undertaking provided by section 941. The sureties undertake that the appellant 'will pay all damages and costs which may be awarded against him on the appeal'. The omission of a similar provision in case of a dismissal of the appeal does not defeat or impair the undertaking in case there should be an affirmance of the judgment. The undertaking is merely defective in failing to provide for indemnifying the respondent in case the appeal should be dismissed. This must be held to be only an 'insufficiency' which may be remedied by the filing of another undertaking."

We are of the opinion that the undertaking on appeal furnished by petitioner was defective only, and that the respondent judge should have permitted petitioner to amend its undertaking on appeal or to file another undertaking and upon this being done, should have denied the motion to dismiss the appeal.

It is ordered that a peremptory writ of mandate issue, directing the respondent court and judge to annul and vacate the order dismissing the appeal in the case of *Washington National Insurance Company, a Corporation,* v. *Guy E. Farmer,* bearing number 23290 of the Superior Court of Riverside County, and permit the plaintiff to either amend its undertaking on appeal or file another undertaking on

434

appeal, conditioned as required in the first paragraph of section 985 of the Code of Civil Procedure.

Barnard, P. J., and Jennings, J., concurred.