## SAMUEL F. SURVEY, Respondent, *v*. WELLS, FARGO & CO , Appellants.

Where a check had been lost and paid by a banker upon a forged endorsement, *held,* that upon a suit for the same, after a refusal by the banker to deliver the check to the owner; in the absence of rebutting evidence, the measure of damages must be the full value of the amount for which it was drawn.

APPEAL from the District Court of the Sixth Judicial District, county of Sacramento.

The facts in this case are as follows:

In April, 1853, one Fenn being indebted to Survey, went to defendants' Express Office in Nevada, and purchased a check or draft drawn by Mulford, their agent, on defendants at Sacramento, for $715, and inclosed it in a letter directed to plaintiff at Sacramento, and deposited it with defendants, as expressmen, to deliver it. It was duly

taken by defendants to Sacramento, and a few days thereafter plaintiff called at defendants' office in Sacramento, and they replied they had no letter for him. It appears that a short time previous, on the same day, a person who falsely represented himself to be the plaintiff, had presented the check, demanded the $715 named therein, and received payment. The true owner then demanded the check, and also demanded payment thereon, which the defendants refused.

It was proved on the trial that the defendants were common carriers and bankers, and that the carrying and delivering of letters was a portion of their usual daily business.

The jury found a general verdict for plaintiff for $715, the amount of the check, together with interest.

Defendants made a motion for a new trial, which the Court overruled, and defendants appealed.

*Winans & Hyer*, for Appellants.

No brief on file.

*Crocker & McKune*, for Respondent.

The verdict is in accordance with law and evidence, and the motion for a new trial was correctly overruled.

The defendants were clearly liable to the plaintiffs, as common carriers for failing to deliver the letter and the check to him.

An actual delivery to the proper person is the duty of the carrier. Ang. on Car., § 297, 321, 324–325.

Common carriers must take care at their peril, that the goods are delivered to the right person, for otherwise they will become responsible. Story on Bail., § 543, 547, 450, 570.

A delivery upon a forged order will not discharge the carrier. Ang. on Car., § 324. 19 Wend., 251. 26 Ib., 591.

The defendants were also liable as bankers, in paying the check to the wrong person upon a forged indorsement.

A forged indorsement passes no interest, even though the indorser was ignorant of the forgery. Ch. on Bills, 260. 3 Term R., 127. 2 Camp., 18.

An indorsement even by a person of the same name, will make no difference. Mead *v.* Noring, 4 T. R., 28.

A payment upon a forged indorsement will be a mere nullity. Story on Prom. Notes, § 379.

A banker is liable if he refuse to honor the check of his customer having sufficient money in hand. Ch. on Bills, 281.

The plaintiff demanded the check of defendants, it being in their possession, though after it had been paid to a stranger. He was entitled to it, and he could then have indorsed it and held the parties on it liable if the drawers then refused to pay it. The defendants' refusal to deliver it to the person entitled to it, was a conversion by them, for which they were liable in the amount of the check. Ch. on Bills, 251.

The measure of damages is *prima facie* the amount due on the paper, the defendants being at liberty to reduce it by showing insolvency, &c., of the parties to it, but there was no proof of the kind in this case. Sedgwick on Damages, 512 to 514. Ch. on Bills, 251.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J , concurred.

The finding of the jury establishes the proposition that the check was the property of the plaintiff.

The only question then is as to the measure of the damages. This is said by the appellants to be the value of the check. The legal presumption from the fact of the defendants' refusal to deliver it, is that it was of the full value of the amount for which it was drawn, and there having been no rebutting evidence the verdict for that amount was correct. Nor do we see how the question of value can arise, as the check was drawn by the defendants upon themselves.

Judgment affirmed.