[No. 20547. In Bank. — July 3, 1889.]

Ex parte FIL KI et al., on Habeas Corpus.

PLEADING — MISNOMER OF COURT — INJUNCTION — CONTEMPT — JURISDICTION — IRREGULARITY — HABEAS CORPUS. — No mere irregularity or omission in a complaint, not going to the jurisdiction of the court, can be inquired into on *habeas corpus*. A misnomer in entitling the name of the court upon the face of the complaint, while the cover of the complaint, the summons, and a writ of injunction disobeyed by the defendants contain the true name of the court, is a defect not affecting a substantial right of the defendant, and he cannot be relieved on *habeas corpus* from punishment for contempt in disobeying the injunction upon the ground of such misnomer.

APPLICATION to Supreme Court for release of petitioners upon writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Frank M. Stone*, and *Joseph A. Joyce*, for Petitioners.

*Attorney-General Johnson*, and *E. A. Forbes*, contra.

SHARPSTEIN, J. — The persons in whose behalf this writ was sued out were convicted, in the superior court

of Yuba County, of a contempt of said court in disobey-
ing and violating a temporary injunction issued out of
said court in an action in which the county of Yuba
was plaintiff and said Fil Ki *et al.* were defendants.

The complaint in that action was entitled, "In the
Supreme Court of the County of Yuba, State of Califor-
nia." The wrapper or outside cover had upon it the
title, "In the Superior Court of the State of California, in
and for the County of Yuba." The summons and tem-
porary injunction were entitled, "In the Superior Court
of the State of California, in and for the County of Yuba."
The complaint was filed in the office of the clerk of the
superior court of said county of Yuba.

The contention of the petitioners is, that no such ac-
tion as that in which said injunction purports to have
been issued was pending in the superior court of said
county at the time said injunction issued; that a com-
plaint must contain, among other things, the name of
the court and county in which the action is brought,
and that the complaint in this case does not contain the
name of any court. That the complaint is defective in
that respect is apparent. Is it a fatal defect?

Civil actions in the courts of this state are commenced
by filing a complaint. (Code Civ. Proc., sec. 405.)

The complaint must contain:—

"1. The title of the action, the name of the court and
county in which the action was brought, and the names
of the parties to the action.

"2. A statement of the facts constituting the cause of
action, in ordinary and concise language.

"3. A demand of the relief which the plaintiff claims.
If the recovery of money or damages be demanded, the
amount thereof must be stated." (Code Civ. Proc., sec.
426.)

If, in order to constitute a complaint, it is necessary
to strictly comply with each and every of these require-
ments, then the paper filed in this case was not a com-

plaint, and the injunction issued upon it was void, and if void, might be disobeyed without committing any contempt of court. But no mere irregularity or omission not going to the jurisdiction of the court can be taken advantage of in this proceeding. Here we can only inquire whether the court had jurisdiction to issue the injunction. The code prescribes what a complaint *must* contain; and it provides that "the court *must* in every stage of an action disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment must be reversed or affected by reason of such error or defect." (Code Civ. Proc., sec. 475.)

The two provisions are equally mandatory and imperative. The defect relied on in this case could not in any conceivable way "affect the substantial rights of the parties." The summons contained the name of the court. And the cover of the complaint contained it. So did the writ of injunction which was disobeyed. And there was no "supreme court of the county of Yuba, state of California." The requirement that the complaint must contain the names of the parties is just as mandatory and imperative as it is that it must contain the name of the court. But in *Campbell* v. *Adams*, 50 Cal. 203, the court said: "The only ground on which it is claimed the judgment is void is, that he (Lewis) was not named as a defendant in the original or any amended complaint. . . . . But we are not prepared to hold that the judgment was a nullity for want of jurisdiction to render it. When Lewis was served as a defendant sued by a fictitious name, the court acquired jurisdiction over his person, and it then became the duty of the plaintiff to amend the complaint by inserting the true name. The omission to do this rendered the judgment irregular, but it was not void."

In this case we think there was a complaint filed in the proper court, and that the defect relied on did not

affect the substantial rights of the parties, and therefore must be disregarded in every stage of the action.

The writ is discharged, and the prisoners remanded to the custody of the sheriff of Yuba County.

THORNTON, J., McFARLAND, J., and BEATTY, C. J., concurred.