[Civ. No. 640.    First Appellate District.—April 22, 1909.]

RAUER'S LAW AND COLLECTION COMPANY, INC., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

JURISDICTION OF SUPERIOR COURT—APPEAL FROM JUSTICE'S COURT—JUSTIFICATION OF SURETIES—EXCEPTIONS SERVED TOO LATE.—The superior court has jurisdiction of an appeal from a justice's court notwithstanding the sureties on the appeal bond failed to justify within the time prescribed after an exception to their sufficiency, when it appears that the exception thereto was not served within the time

prescribed by law. The sureties are not required to justify if there is no legal exception to their sufficiency.

ID.—APPEAL FROM WHOLE OF JUSTICE'S JUDGMENT—SUFFICIENCY OF NOTICE.—When an appeal is taken from the whole of the justice's judgment, the notice of appeal is not required to state whether the appeal is taken upon questions of law or fact.

ID.—WRIT OF PROHIBITION.—The writ of prohibition will not lie to prevent the superior court from trying a case appealed thereto from the justice's court, of which it has appellate jurisdiction.

PETITION for writ of prohibition to the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Macks & Tomsky, for Petitioner.

Wm. Sea, Jr., for Respondents.

KERRIGAN, J.—This is an original proceeding for a writ of prohibition to prevent the superior court above named from proceeding with the trial of a certain case. The petition for the writ alleges that the petitioner had excepted to the sufficiency of the sureties on an undertaking on appeal from the justices' court of the city and county of San Francisco within five days after the filing of the undertaking, and that the said sureties, or others in their place, had failed to justify within due time. An order to show cause was issued upon this petition; but it is now stipulated by the parties to the said appeal that the notice of exception to the sufficiency of the sureties was not served within the time prescribed by law, which disposes of the main point made by the petition, inasmuch as the sureties were not called upon to justify in the absence of such notice.

One other point, suggested at the oral argument, remains to be considered. It concerns the sufficiency of the notice of appeal. The notice was in the following terms: "Please take notice that the defendant hereby appeals to the Superior Court . . . from the judgment made and entered in Justices' Court . . . in favor of the plaintiff and against the defendant, and from the whole thereof." That part of section 974, Code of Civil Procedure, providing what the notice of appeal

from a judgment of a justice's court shall contain, reads as follows: "The notice must state whether the appeal is taken from the whole or a part of the judgment, and if from part, what part, and whether the appeal is taken on questions of law or fact, or both."

From the notice of appeal it will be observed that it does not appear whether the appeal was taken on questions of law or fact, or both; but inasmuch as it was taken from the whole of the judgment we think the section quoted was substantially followed, and that on the notice the appellant is entitled to a trial of his case *de novo.*

Section 624 of the Practice Act, as amended by the statute of 1854 (Stats. 1854, p. 70), in providing what the notice of appeal shall set forth, was precisely the same as section 974 of the Code of Civil Procedure, and the supreme court in passing upon a similar notice to the one here, held it sufficient. The lower court had decided that the notice was defective, and dismissed the appeal; and the supreme court said: "It is difficult to perceive on what ground the judgment of the court was based. The amendments to the Practice Act, Statutes of 1854, page 66, section 38, provide, that when the appeal is taken on questions of law alone, it shall be heard upon *a statement of the case;* when the appeal is taken upon questions of fact, or upon both questions of law and fact, the action shall be tried anew in the county court, the party being entitled to a jury if he desires it. The party could readily discover whether the appeal was upon the law merely or for the purpose of a trial *de novo,* by looking at the records. The object of the notice is both to apprise the opposite party of the appeal, and as to what the appeal is from. In this case, there could be no mistaking it, and there could be nothing more definite than an appeal from 'the whole judgment.' " (*Price* v. *Van Caneghan,* 5 Cal. 124.)

The writ is denied.

Hall, J., and Cooper, P. J., concurred.