[S. F. No. 6186.  In Bank.—September 19, 1912.]

W. S. PEACOCK, Petitioner, v. SUPERIOR COURT IN AND FOR THE COUNTY OF SOLANO, and A. J. BUCKLES, Judge Thereof, Respondents.

JUSTICE'S COURT—ERRONEOUS DISMISSAL OF APPEAL BY SUPERIOR COURT—MANDAMUS LIES TO RESTORE APPEAL.—Where an appeal from a justice's court to the superior court was properly perfected, and the latter court erroneously dismissed the appeal on the ground that it had not been properly taken, a writ of mandate will lie to compel the superior court to restore the appeal to its calendar for trial.

ID.—DECLARATION IN NOTICE OF APPEAL NOT CONCLUSIVE.—A declaration in a notice of appeal from a justice's court that it is taken both upon questions of law and fact is not conclusive.  Such a declaration could not have the effect of varying the facts.

ID.—PROCEDURE IN JUSTICES' COURTS—PROVISIONS OF CODE APPLICABLE.  Under section 925 of the Code of Civil Procedure, justices' courts are declared to be courts of peculiar and limited jurisdiction, and only those provisions of the codes which are in their nature applicable to the organization, powers, and course of proceedings in such courts, or which have been made applicable by special provisions, are so applicable.

ID.—JUSTICE'S COURT CANNOT GRANT NONSUIT—POWER OF DISMISSAL.—Under section 890 of the Code of Civil Procedure, a justice's court has no power to pass upon and grant a motion for nonsuit, and that section has limited the causes for which a judgment of dismissal may be entered.  The failure of the plaintiff to establish his case by satisfactory evidence is not one of those causes.

ID.—INSUFFICIENT EVIDENCE FOR PLAINTIFF—JUDGMENT MUST BE FOR DEFENDANT ON THE MERITS.—Where evidence has been introduced in a trial of a case before the justice and the plaintiff rests his case upon evidence which, to the mind of the justice, is not sufficient to entitle him to judgment, there has been a trial upon the merits, the plaintiff has failed to establish his cause, and judgment upon the merits should be rendered for the defendant.

ID.—ERRONEOUS ENTRY OF JUDGMENT OF DISMISSAL—PLAINTIFF MAY APPEAL ON QUESTIONS OF BOTH LAW AND FACT.—Under such circumstances, the erroneous entry of a judgment of dismissal against the plaintiff does not deprive him of his right to appeal upon questions of both law and fact, and so to have his cause tried *de novo* in the superior court.

APPLICATION for a Writ of Mandate directed to the Superior Court in and for the County of Solano.  A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Byron Ball, for Petitioner.

W. U. Goodman, for Respondents.

HENSHAW, J.—An action in a justice's court was brought and prosecuted by W. S. Peacock, petitioner herein, against Henry Goosen, defendant. Trial was had, oral and documentary evidence was introduced on behalf of the plaintiff, and when plaintiff rested his case the defense moved for a nonsuit upon the ground of his failure to prove the material allegations of his complaint. The justice granted the motion and dismissed the action. Peacock prosecuted in due form his appeal to the superior court from the judgment so rendered, his notice of appeal declaring that the appeal was taken on questions of both law and fact. In the superior court a motion to dismiss this appeal was made and granted. The grounds of the motion were that the appeal from a judgment of dismissal presents a question of law alone, and that when a question of law alone is presented by an appeal from a justice's to the superior court a statement is required, and that no such statement accompanied the appeal in this case. (Code Civ. Proc., sec. 976.) Thereupon petitioner applied to this court for mandate seeking a vacation of the order of dismissal given by the superior court and a restoration of his appeal from the justice's court to the calendar of the superior court for trial.

Petitioner is within his rights in thus seeking mandate. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, [114 Pac. 978]; *Edwards* v. *Superior Court,* 159 Cal. 712, [115 Pac. 649].)

To this petition respondent answers that petitioner's declaration in his notice of appeal that it is taken both upon questions of law and fact is not conclusive. This is true, for the mere declaration in a petition cannot have the effect of varying the facts. Thus, if an appeal be taken to the superior court after judgment upon demurrer sustained, it would still be an appeal upon questions of law alone, even though the notice of appeal contained the declaration that it was taken on questions both of law and fact. Next, respondent con-

tends that an appeal from a judgment of dismissal even when, as here, the judgment of dismissal is based upon an order of nonsuit, is an appeal upon a question of law alone. And, finally, it is declared that when an appeal to the superior court is based on questions of law alone, the proper procedure is to remand the cause for trial in the justice's court if the justice has fallen into error upon a material question of law, or to affirm the judgment of the justice's court if the justice has not erred. (*Myrick* v. *Superior Court,* 68 Cal. 100, [8 Pac. 648]; *Maxson* v. *Superior Court,* 124 Cal. 468, [57 Pac. 379].)

The reasoning of respondent would have force if the justice were clothed with power and authority to render the judgment which he gave. The fundamental error in respondent's reasoning arises from the fact that the justice is not clothed with any such power. By the code itself (Code Civ. Proc., sec. 925) justices' courts are declared to be courts of peculiar and limited jurisdiction, and only those provisions of the codes which are in their nature applicable to the organization, powers and course of proceedings in justices' courts, or which have been made applicable by special provisions, are so applicable. Turning briefly to the consideration of the powers of courts of record and of general jurisdiction, it is declared as to them (Code Civ. Proc., sec. 581) that "An action may be dismissed, or a judgment of nonsuit entered, in the following cases:

"5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury."

The corresponding section governing the procedure in justices' courts is found in section 890 of the same code. That section authorizes a judgment of dismissal to be entered only in certain cases, denies by its silence the right of a justice to entertain a motion for a nonsuit, and omits entirely the provisions of subdivision 5 quoted above from section 581. The imperative conclusion to be drawn from a consideration of these two sections is that the legislature as to justices' courts, has limited the causes for which a judgment of dismissal may be entered by a justice, and that a failure by the plaintiff to establish his case by satisfactory evidence is not one of those causes. Further, that the legislature has not intrusted to

justices the right to pass upon and grant motions for nonsuit. The course of the justice is thus made plain. Where evidence has been introduced in a trial of a case before him and the plaintiff rests his case upon evidence which, to the mind of the justice, is not sufficient to entitle him to judgment, the result is that there has been a trial upon the merits, that the plaintiff has failed to establish his cause, and that judgment upon the merits should be rendered for the defendant. Such is the clear meaning of our law, and so it has been construed in 1 Cowdery's Justice Treatise, page 664, section 1134.

It follows from the foregoing that the justice erroneously entered a judgment of dismissal against plaintiff, when the sole judgment which he was authorized to render under the circumstances was a judgment for defendant upon the merits. But the erroneous form of the judgment which the justice actually rendered cannot deprive the plaintiff of his right to appeal upon questions both of law and fact (for under the circumstances and after a trial upon the merits questions of both law and fact are involved), and so to have his cause tried *de novo* in the superior court. *Smith* v. *Superior Court,* 2 Cal. App. 529, [84 Pac. 54], upon which respondent relies, was not brought under review before this court by any petition for rehearing. The basic error in the Smith case is the same as has been here pointed out. It rests upon the unfounded assumption of the power of the justice to entertain a motion for a nonsuit, and to render a judgment of dismissal under the provisions of section 581 of the Code of Civil Procedure. But, as has been pointed out, the power of the justice's court in the matter of dismissal is circumscribed by and confined to the provisions of section 890 of the Code of Civil Procedure.

Let mandate issue as prayed for.

And petitioner will recover his costs upon this application, to be taxed in accordance with the law.

Sloss, J., Angellotti, J., Shaw, J., and Melvin, J., concurred.