[Civ. No. 1577.    First Appellate District.—January 11, 1915.]

## RAUER'S LAW AND COLLECTION COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF SAN FRANCISCO, Respondent.

JUSTICE'S COURT—RECORD ON APPEAL—QUESTION OF LAW — WHEN STATEMENT UNNECESSARY.—A statement is not necessarily an essential part of the record on appeal to the superior court from the justice's court on questions of law, and if the point upon which the appellant depends may be shown by the docket a statement would-be useless; and where there is no such statement filed the record before the superior court is a copy of the docket and the motions and notices, if any, described in section 975 of the Code of Civil Procedure.

ID.—DISMISSAL OF APPEAL—WRIT OF MANDATE.—In such a case a writ of mandate will issue to compel the superior court to set aside and vacate an order of dismissal made by it upon the ground that no statement was ever prepared or filed, and to compel it to proceed with the trial and determination of the appeal.

APPLICATION for a Writ of Mandate originally made in the District Court of Appeal for the First Appellate District directed to the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

William Tomsky, for Petitioner.

Herbert Choynski, for Respondent.

THE COURT.—This is an application for a writ of mandate to compel the superior court to set aside and vacate its order of dismissal, and to proceed with the trial and determination of an appeal taken to that court from the justice's court. The action in the justice's court was one in claim and delivery; and after it had been at issue for about seven years was, upon motion properly made, dismissed for the plaintiff's failure to prosecute the same with due diligence; and as a part of that order the justice's court made and entered a judgment that the plaintiff return to the defendant the property described in the complaint, which had theretofore upon

the commencement of the action been taken from him by the sheriff pursuant to a writ duly issued in the action.

While the petitioner here appeared in the justice's court and resisted the motion to dismiss, no affidavit was therein filed nor was any evidence introduced on its behalf.

Within the time provided therefor the petitioner here took an appeal to the superior court from the judgment of dismissal, basing the same, according to the language of the notice, upon both questions of law and fact; but it is conceded, as it must be under the circumstances of the case, that the appeal was really on questions of law alone. No statement of the case was ever prepared or filed in that action, but the whole record in the cause was transmitted to the superior court.

Thereafter, on due notice, the superior court dismissed the appeal on the ground that no statement on appeal had been filed by appellant.

A statement is not necessarily an essential part of the record on appeal to the superior court on questions of law. On such an appeal, when no statement has been filed the record before the superior court is a copy of the docket, and the motions and notices, if any, described in section 975 of the Code of Civil Procedure. (Code Civ. Proc., secs. 911 and 975.) A copy of the docket, in any event, on an appeal upon a question of law alone must go to the superior court; and if the point upon which the appellant depends may be shown by the docket a statement on appeal would, of course, be useless. (*Maxson* v. *Superior Court,* 124 Cal. 468, [57 Pac. 379].)

Let the writ issue as prayed for.

A petition for a rehearing of this cause was denied by the district court of appeal on February 10, 1915.