[Civ. No. 5211.   Second Appellate District, Division One.—March 15, 1926.]

MORRIS HIMOVITZ et al., Petitioners, v. THE JUSTICE'S COURT OF THE SIXTH TOWNSHIP, COUNTY OF KERN et al., Respondents.

[1] JUSTICE'S COURT — APPEAL — STATUTORY CONSTRUCTION — JURISDICTION OF SUPERIOR COURT.—While section 974 of the Code of Civil Procedure provides that an appeal may be taken from a final judgment of a justice's court and no appeal from an order is provided for, section 980 of the Code of Civil Procedure provides that on an appeal from a judgment heard on a statement of the case, the superior court may review and may set aside, modify, or confirm proceedings subsequently to judgment and may order a new trial.

[2] ID.—ORDER SETTING ASIDE ORDER VACATING DEFAULT JUDGMENT AND REINSTATING DEFAULT JUDGMENT—APPEAL—JURISDICTION OF SUPERIOR COURT—RECORD.—The superior court has jurisdiction to hear an appeal from a judgment or order setting aside an order vacating a default judgment and reinstating the default judgment, and may decide the appeal on questions of law alone, even though the appeal is taken on questions "both of law and fact," the proceedings in the justice's court being fully before the superior court in the record made in the justice's court, of which the facts are undisputed.

[3] ID.—JUDGMENTS—CONSTRUCTION.—The judgment of the justice's court setting aside the order vacating the default judgment and reinstating the default judgment could be rightfully construed by the superior court as a final judgment, because of the adjudication "reinstating" the default judgment.

[4] PROHIBITION—JURISDICTION.—The writ of prohibition cannot annul acts already done unless they are so flagrantly wrong in a judicial sense as to entitle them to no consideration.

---

(1) 35 C. J., p. 717, n. 20, p. 850, n. 78, p. 851, n. 7, p. 853, n. 32. (2) 35 C. J., p. 844, n. 94; 36 Cyc., p. 1188, n. 59. (3) 35 C. J., p. 731, n. 50; 32 Cyc., p. 608, n. 55. (4) 32 Cyc., p. 603, n. 27.

PROCEEDING in Prohibition to prevent a Justice's Court from hearing and deciding an action pending before it. Writ denied.

The facts are stated in the opinion of the court.

E. A. Klein and R. W. Henderson for Petitioners.

Siemon & Garber for Respondents.

YORK, J.—An original application is made to this court in this case for writ of prohibition for the purpose of prohibiting the respondent, a justice of the peace, from hearing and deciding a case pending before him as such justice. The case was within the jurisdiction of the Justice's Court, and jurisdiction over the person of defendant had been legally obtained. A default had been duly entered in said case and a judgment thereon for plaintiff had been duly entered on January 17, 1924. The defendant in that action

---

2.  See 15 Cal. Jur. 515.
4.  See 21 Cal. Jur. 581.

moved to set aside the default and judgment on January 30, 1924. Said justice granted said motion, "with the provision that defendant paid accrued costs up to the present date." At the hearing of the motion and before the order was made, the defendant offered to pay the costs as required by the order, but plaintiffs' counsel declined to inform him what the costs were, and defendant had no means of ascertaining what they were. Defendant thereupon filed an answer to plaintiffs' complaint without paying the costs, which the justice permitted him to do. The case was then at issue. The answer remained on file without any objection by plaintiffs and without plaintiffs informing defendants what the costs were and without moving to set the case for trial, until the nineteenth day of June, 1925, when the justice, on motion of plaintiffs and without notice to defendants, entered an order setting aside the order of January 30, 1924, and adjudging that the original judgment be "reinstated." The defendant appealed from this "so-called judgment or order," to the superior court. Plaintiffs made a motion to dismiss the appeal upon the ground that the purported appeal was from an order and not from a judgment, and that the superior court was without jurisdiction of the action. The superior court denied the motion and decided the appeal on questions of law alone. It was there held by the court that the so-called order of June 19, 1925, was in effect a judgment, erroneously rendered by the Justice's Court. Therefore the judgment was reversed, and the case remanded to the Justice's Court, to be tried. It is to prevent such trial that this proceeding has been brought here.

It is the contention of petitioners herein that the justice has no jurisdiction to try the case, and that the judgment on appeal has not settled the law of the case on that question, since (so they contend) the superior court was without jurisdiction of the subject matter of the attempted appeal.

[1] While section 974 of the Code of Civil Procedure provides that an appeal may be taken from a final judgment of a justice's court and no appeal from an order is provided for, section 980 of the Code of Civil Procedure provides that on an appeal heard on a statement of the case, the superior court may review and may set aside, modify, or confirm proceedings subsequent to judgment and may

77 Cal. App.—7

order a new trial. [2] Although the appeal was taken on questions "both of law and fact," the superior court properly heard and determined the appeal, as above stated, on questions of law alone. (*Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 796].) While no formal statement of the case had been made, it would have served no useful purpose, because the proceedings in the Justice's Court were fully before the superior court in the record made in the Justice's Court, of which the facts were and are undisputed. (*Rauer's Law etc. Co.* v. *Superior Court*, 26 Cal. App. 289 [152 Pac. 957].)

The appeal from the "so-called judgment or order" simply indicates that defendant was in doubt what to call it. The proceedings on appeal, although unusual, were not prejudicial to the plaintiffs for that reason, and we are required to construe the provisions of the code liberally with a view to effect its objects and promote justice. [3] The only judgment existing in the action at the time of taking the appeal was that entered on June 19, 1925, which was considered by the superior court as a final judgment. It could be rightfully so construed, because of the adjudication "reinstating" the original judgment. We therefore hold that it was within the jurisdiction of the superior court to consider the appeal and reverse the order "or judgment" of June 19, 1925. We are not called upon to consider whether the decision of the superior court was correct. It is sufficient for the purpose of this matter to decide that it was within the jurisdiction of the superior court to decide it. It is evident that the petitioners are here making a collateral attack on both the acts of the justice of the peace and the superior court. [4] The writ of prohibition cannot annul acts already done unless they are so flagrantly wrong in a judicial sense as to entitle them to no consideration. (*Alexander* v. *Crollott*, 199 U. S. 580 [50 L. Ed. 317, 26 Sup. Ct. Rep. 161, see, also, Rose's U. S. Notes] ; *Ex parte Oklahoma*, 220 U. S. 191 [55 L. Ed. 431, 31 Sup. Ct. Rep. 426] ; *Estate of Bond*, 193 Cal. 482 [225 Pac. 450] ; *County of Sutter* v. *Superior Court*, 188 Cal. 292 [204 Pac. 849] ; *Valentine* v. *Police Court*, 141 Cal. 616 [75 Pac. 336] ; *Carr* v. *Superior Court*, 147 Cal. 227 [81 Pac. 515] ; *McAneny* v. *Superior Court*, 150 Cal.

6 [87 Pac. 1020]; *Mousnier* v. *Superior Court,* 159 Cal.
663 [115 Pac. 221]; *Simpson* v. *Police Court,* 160 Cal. 530
[117 Pac. 553]; *Lindley et al.* v. *Police Court,* 141 Cal.
220 [74 Pac. 765]; *More* v. *Superior Court,* 64 Cal. 345
[28 Pac. 1117]; *Kinard* v. *Police Court,* 2 Cal. App. 179
[83 Pac. 175]; *Johnston* v. *Superior Court,* 4 Cal. App. 90
[87 Pac. 211]; *Beaulieu Vineyard* v. *Superior Court,* 6 Cal.
App. 242 [91 Pac. 1015].)

The application for a writ of prohibition is denied.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by
the district court of appeal on April 2, 1926, and the fol-
lowing opinion then rendered thereon:

THE COURT.—It is contended by petitioners that this
court erred in holding that an appeal lies from an order
of the Justice's Court made after judgment. We did in-
tend to so decide. In referring to "an appeal heard on a
statement of the case," under the provisions of section 980
of the Code of Civil Procedure, we meant, of course, an
appeal from the judgment.

An application by petitioners to have the cause heard in
the supreme court, after judgment in the district court
of appeal, was denied by the supreme court on May 13,
1926.