[Civ. No. 5662. Second Appellate District, Division One.—July 1, 1927.]

CITY OF COLTON (a Municipal Corporation), Petitioner, v. SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

Loeb L. Cossack and O'Connor & Findley for Petitioner.

Hert & Mussell for Respondents.

HOUSER, J.—This is an application for a mandate for the purpose of directing the judges of the Superior Court of San Bernardino County to vacate an order made by them dismissing an appeal to said Superior Court from a judgment theretofore rendered in a recorder's court.

At the outset the respondents present a demurrer to the petition and contend that this court is without jurisdiction to issue a writ of mandate to the Superior Court to set aside its order dismissing the appeal from the recorder's court. The authorities, however, do not sustain respondents in their position in that regard. (*Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 976]; *Golden Gate Tile Co.* v. *Superior Court*, 159 Cal. 474 [114 Pac. 978]; *Hellner* v. *Superior Court*, 61 Cal. App. 785 [215 Pac. 709]; *San Francisco-Oakland T. Rys.* v. *Superior Court*, 48 Cal. App. 586 [192 Pac. 116]; *Widrin* v. *Superior Court*, 17 Cal. App. 93 [118 Pac. 550].)

It is therefore apparent that the demurrer should be, and it is, overruled.

The facts with reference to the matter presented by the petitioner herein are that in an action pending in the recorder's court of the city of Colton a judgment in favor of the defendant was rendered by a justice of the peace, who at the time in question was acting for and in the place of the recorder of said court; that thereafter and within the time allowed by statute, the plaintiff in said action served upon the defendant therein and filed in the Superior Court in and for the county of San Bernardino his notice of appeal from such judgment; that said notice of appeal was entitled "In the Police Court of the City of Colton," etc., and was addressed "To L. S. Lyman, acting for James Temby, City Recorder; James Temby, City Recorder; and M. O. Hert, attorney for defendant": The notice itself, following the title of the action, so far as is here material, was as follows:

"You and each of you, will please take notice that the plaintiff in the above entitled action does hereby appeal from the judgment as a whole entered by Acting Judge L. S. Lyman, on the 9th day of February, 1927, against said plaintiff, in favor of said defendant, . . . "

It further appears that in due course the appeal came on for hearing before the respondent Superior Court, at which time, on motion of the defendant, the said Superior Court dismissed said appeal on the ground, as stated in the notice of motion, that the appeal ''was taken from a court not in existence; that this action was tried in the recorder's court of the city of Colton, and no appeal was ever taken therefrom and that no notice of appeal was ever served in said matter.''

It will thus be observed that, while the action originally was pending in the *recorder's* court, the notice of the appeal was entitled ''in the *police* court''; and consequently, that the question here to be determined is whether such notice of appeal was sufficient in the premises.

In common acceptation no distinction is made between a recorder's court and a police court. Each of them is an inferior court and the jurisdiction of one is frequently, if not universally, similar to, if not identical with, that of the other. The matter of jurisdiction of either of such courts within constitutional limits depends entirely upon legislative action. It is therefore apparent that cities of one class may have a recorder's court whose jurisdiction may be identical with the jurisdiction of a police court located in an adjoining city of a different class. So general is the use of the term ''police court'' as applied to any of the inferior courts of municipalities that, as applying to proceedings in the justice and police courts and appeals to superior courts, the legislature has seen fit to enact a statute by which such courts are defined as follows:

''The term 'police courts,' as used in this and the succeeding chapter, includes police judges' courts, police courts, and all courts held by mayors or recorders in incorporated cities or towns.'' (Pen. Code, sec. 1461.)

In the case entitled *Ex parte Soto,* 88 Cal. 624, 626 [26 Pac. 530], it is said: ''But a recorder's court is none the less a police court because it happens to have been called by another name. The character of a court is determined, not by its name, but by the nature of its jurisdiction and functions, in which respect the recorder's courts of cities organized under the general Municipal Corporations Act cannot be distinguished from other police courts.''

*In re Baxter,* 3 Cal. App. 716 [86 Pac. 998], is a case where the authorities are reviewed and which case contains language that indicates that the words "recorder" and "police judge," or "recorder's court" and "police court," in the circumstances present in that case, were respectively used interchangeably and synonymously.

In the *habeas corpus* proceeding entitled *Ex parte Fil Ki,* 79 Cal. 584 [21 Pac. 974], it appeared that the petitioners had been convicted of contempt of court, in that they had violated an injunction in a suit in which the complaint was entitled as "in the *Supreme* Court of the County of Yuba," etc., while the other papers in the case were correctly entitled "in the *Superior* Court," etc. It was the contention of the petitioners therein that no action such as that in which the injunction purported to have been issued was pending in the Superior Court at the time the injunction was issued. While admitting that the complaint was defective in that it did not correctly specify the name of the court in which the action was brought, it was held that the defect was one which did not affect a substantial right of the defendants in the action, and consequently that the writ of *habeas corpus* would not relieve them from punishment for contempt in disobeying the injunction.

The case entitled *Estate of Damke,* 133 Cal. 433 [65 Pac. 888], involved a question not unlike that in the instant case, in that in the notice of appeal in the case cited the title of the court was given as "in the Superior Court of *Sacramento* County"; whereas the matter in which the appeal was taken had been heard in *San Joaquin* County. The respondent therein made a motion that the appeal be dismissed because of the said defect in the notice. It was held that because it was apparent from the notice that the order from which the appeal was taken was otherwise sufficiently identified, and that the respondent had not been misled by reason of the defect, the motion to dismiss the appeal should be denied.

The language of section 475 of the Code of Civil Procedure includes the following:

"The court must, in every stage of an action, disregard any . . . defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties."

As is said in *Rauer's L. & C. Co.* v. *Superior Court,* 10 Cal. App. 423 [102 Pac. 547]: "The object of the notice [of appeal] is both to apprise the opposite party of the appeal, and as to what the appeal is from."

In *Allen* v. *Byerly,* 32 Or. 117 [48 Pac. 474], it is said that:

"The appellate court should construe a notice of appeal liberally, and hold that jurisdiction is conferred by its service if, by fair construction or reasonable intendment, it can ascertain therefrom that the appeal is taken from a judgment in a particular action."

And in *State* v. *Hanlon,* 32 Or. 95 [48 Pac. 353], the following language appears:

"If the notice of appeal informs the adverse party that a party to the judgment intends to appeal therefrom to the Supreme Court, and is so specific in its description of the judgment complained of as to acquaint a stranger to the record of the judgment alluded to in the notice, it is sufficient to confer jurisdiction; and this object may be accomplished without alluding to the time when the judgment was rendered."

It is said in *Lancaster* v. *McDonald,* 14 Or. 265 [12 Pac. 375], that notice of an appeal "simply means the making known to the adverse party that an appeal is taken in the particular case."

In the instant case, in the notice of appeal given by petitioner, an appellant in the appeal to the Superior Court, the names of the parties were correctly given; the notice was addressed to the justice who presided at the trial of the action—indicating that at the time in question he was acting in the place and stead of the recorder of the court—naming him; besides, again naming the recorder as one of the persons to whom the notice of appeal was addressed. In addition thereto, the language contained in the body of the notice again identified the judgment from which the appeal was being taken as one which had been entered in the "above entitled action . . . by Acting Judge L. S. Lyman, on the 9th day of February, 1927, against said plaintiff, in favor of said defendant, . . . "

Considering the facts and inferences contained within such notice, together with the additional fact that the terms "recorder's court" and "police court" are ordinarily synony-

mously regarded, we think it clear that the respondent in the appeal could not have been misled by the fact that the caption of the notice was incorrect, in that the appeal on its face purported to be taken in an action theretofore pending in the "police court" rather than in the "recorder's court." It does not appear that any substantial right of the defendant in the action was affected by reason of the defect in the notice, and we are accordingly constrained to hold that the appeal should not have been dismissed.

The respondents are, therefore, directed to vacate the order by which the appeal in the action in question was heretofore dismissed.

Conrey, P. J., and York, J., concurred.