[Crim. No. 1553. Second Appellate District, Division One.—December 31, 1927.]

In the Matter of the Application of FRANK HALL for a Writ of Habeas Corpus.

A. T. Folsom for Petitioner.

E. J. Lickley, City Prosecutor, and Joe W. Matherly and F. W. Fellows, Deputies City Prosecutor, for Respondent.

YORK, J.—Hearing on writ of *habeas corpus.* There are but two issues involved.

The first point is whether an allegation in a complaint in the municipal court alleging a prior conviction in the "Police Court of the City of Los Angeles" on a day after such police court had ceased to exist is a sufficient allegation of a judgment of prior conviction in the municipal court of said city to justify the court in imposing a penalty as for a second offense; and, second, are the verdicts rendered in the form "guilty of the offense charged" a sufficient finding of the truth of the allegations of a prior conviction, when the former action is referred to in the verdicts only by the number of each case, and the judgment in each former case is before the jury as an exhibit, but in the

complaint in the action in which the petitioner is being now held in custody is referred to only by date of convictions and not by number.

■ As to the first issue, the fact is that the municipal court has and had at the dates alleged in the complaint all the powers of the former police court of the city of Los Angeles, and in addition thereto other powers granted by the constitution. ■ The allegation that there had been a conviction of the defendant in the ''Police Court of the City of Los Angeles'' was, to say the least, a careless way of making the allegation, but we have concluded that it is legally sufficient. ■ The jurisdiction and functions, rather than the name of the court, determine its character. (*City of Colton* v. *Superior Court*, 84 Cal. App. 303 [257 Pac. 909].)

Referring now to the point that a verdict ''guilty of the offense charged'' is not a sufficient finding of the truth of the allegation of a prior conviction, the amended minutes of the municipal court, as shown by the return to the writ herein, together with the forms of verdict which on their face contain the words ''Verdict as to judgment in complaint No. 03016'' in one instance, and in the other instance ''verdict as to judgment in complaint No. 05923,'' are not sufficient in substance to show that the jury intended to find that former conviction was an established fact.

■ The requirement of the Penal Code, section 1158, on such an issue, is that the jury shall find that the charge of former conviction is ''true,'' or that it is ''not true.'' The form of these verdicts should have provided a direct answer to the question. ■ But the complaint in this action does not mention action No. 03016 or No. 05923. We would have to examine the evidence before we could ascertain whether those are the actions as to which former convictions are alleged in the complaint. But we are precluded upon a hearing of this kind from going into the evidence introduced before the trial court. (*In re Jacobs*, 175 Cal. 661 [166 Pac. 801]; *In re Horr*, 177 Cal. 721 [171 Pac. 801]; *In re Williams*, 183 Cal. 11 [190 Pac. 163].) We cannot say that there has been any finding by the jury as required by section 1158 of the Penal Code.

■ Even if we were allowed to examine the evidence and exhibits filed herein, we could not say from an inspection of the two verdicts which bear the words "Verdict as to judgment in complaint No. 03016" and "Verdict as to judgment in complaint No. 05923," that the jury had found that the defendant had suffered a prior conviction, as such verdicts on their face only show that the defendant was guilty of the offense charged in those two complaints and the jury failed, and apparently refused, to find whether he had ever been found guilty of the crimes which they say he committed. In other words, it is immaterial to any issue in the instant case whether he was guilty or not guilty of the crimes charged in those other complaints, but only is it material herein whether or not he suffered a conviction therein. The absence of any finding of prior conviction leaves the principal verdict standing alone as a conviction upon a first offense.

■ In case of a conviction under the Wright Act [Stats. 1921, p. 79], of a first offense, the court is prevented from ordering any imprisonment except only as an alternative for payment of a fine. Therefore, the judgment rendered herein for straight imprisonment was a judgment fixing a penalty which was beyond the power of the court to invoke.

■ The verdict rendered in the instant case, known as verdict No. 08393, which bears the caption "Verdict Possession," is a sufficient verdict for the court to render a judgment as for a first offense."

Therefore, the prisoner is ordered remanded to custody, and it is directed that he be returned into the trial court in order that proper judgment may be rendered. ·

Conrey, P. J., and Houser, J., concurred.