[Crim. No. 1620. Second Appellate District, Division Two.— March 22, 1928.]

In the Matter of the Application of WILLARD JACKSON for a Writ of Habeas Corpus.

350

John F. Groene for Petitioner.

E. J. Lickley, City Prosecutor, Joe W. Matherly and
F. W. Fellows, Deputy City Prosecutors, for Respondent.

THOMPSON, J.—The petitioner was convicted of the
offense of unlawful possession of intoxicating liquor after
a prior conviction of a similar offense, and on September 6,
1927, was sentenced to imprisonment in the city jail for a
term of six months and was fined the sum of $500, with
the provision that in default of payment of the fine peti-
tioner should be further imprisoned in the city jail at the
rate of one day for every five dollars of the fine. The
petitioner has been confined since the sixth day of Sep-
tember, 1927, to at least February 14, 1928, when at the oral
argument an order was made that petitioner might be re-
leased upon giving bail in the sum of $100. The National
Prohibition Act, ordinarily called the Volstead Act, in title
II, section 29 (27 U. S. C. A., sec. 46) provides the penalties
for the offense of which petitioner was convicted as follows:
"Any person . . . who . . . violates any of the provisions of
this chapter . . . shall be fined . . . for a second offense not
less than $100.00 nor more than $1,000.00 or by imprison-
ment not more than ninety days; . . . "

█ It is of course obvious that the sentence of imprison-
ment imposed upon the petitioner is in excess of that pro-
vided by law and is to that extent, at least, void.

█ It is also immediately apparent that unless it can
be said that the word "or" in the statute is used in such a
manner that it has not its ordinary meaning, that the court
has not the power for this offense to both imprison and fine.
Ordinarily the word " 'or' is said to be a co-ordinating
participle that marks an alternative generally corresponding
to either as either this or that. In other words, it means one
or the other of two propositions. . . . In the Penal Code of
this state the word 'or' is quite frequently used in giving
an election to the court imposing sentence as to whether
it will simply require the payment of a fine or prescribe

imprisonment in the County Jail." The language just quoted is found in *People* v. *Lamb,* 67 Cal. App. 263 [227 Pac. 969], where the court was discussing the use of the word "or" in the act now under consideration. There is nothing in connection with the use of the word to indicate that it should be read as conveying anything other than its ordinary meaning. Therefore the penalties provided are in the alternative. It is obvious that the petitioner is illegally restrained.

Writ granted and petitioner discharged from custody.

Works, P. J., and Craig, J., concurred.