[Crim. No. 1974. Second Appellate District, Division Two.—June 3, 1930.]

In the Matter of the Application of JESSIE MYETTA for a Writ of Habeas Corpus.

C. B. Conlin and S. Jack Cohen for Petitioner.

Lloyd S. Nix, City Prosecutor, and Joe W. Matherly, Deputy City Prosecutor, for Respondent.

THOMPSON (IRA F.), J.—The petitioner in this proceeding for a writ of *habeas corpus* was charged with the unlawful possession of intoxicating liquors with two previous convictions. ▮ After the case was submitted to a judge of the municipal court he announced: "The defendant will be found guilty of the priors—both priors, and of the substantive charge." Thereafter she was sentenced to pay a fine of $500 and to confinement in the city jail for the period of 120 days. Thereafter the cause was appealed to the appellate department of the superior court and there affirmed.

It is apparent that the municipal court did not find, as required by section 1158 of the Penal Code, whether the charges of the previous convictions were true or untrue. The most that can be said of the finding is, that some time in the future the defendant would be found guilty of the offense charged in two prior complaints rather than that she had already suffered two convictions. (See *In re Hall*, 88 Cal. App. 212, 263 Pac. 295.)

▮ Assuming that the statement that the defendant will be found guilty of the substantive charge could be held to constitute a sufficient finding by the court (a proposition which we very much doubt), the court was still without authority, in the absence of a finding that she had suffered two prior convictions to impose a sentence that the defendant be confined except as an alternative for the payment of the fine. The National Prohibition Law (27 U. S. C. A., sec. 46), the penal provisions of which are adopted by the Wright Act (Stats: 1921, p. 79), does not authorize imprisonment for a first offense, except as stated. (*In re Hall, supra; In re Jackson*, 90 Cal. App. 349 [265 Pac. 863].)

Writ granted and petitioner discharged from custody.

Craig, Acting P. J., and Gates, J., *pro tem.*, concurred.