[Civ. No. 5311. Third Appellate District.—January 7, 1935.]

WILLIAM BUTLER, Petitioner, v. THE SUPERIOR COURT OF NAPA COUNTY et al., Respondents.

Joseph E. Bien and Werner Olds for Petitioner.

Herbert N. DeWolfe for Respondents.

THOMPSON, J.—This is a petition for a writ of *mandamus* to compel the Superior Court of Napa County to try and determine an appeal to that court from a judgment of the Justice's Court of St. Helena Township which was rendered on the pleadings in a suit for unlawful detainer.

It appears that Bernhard Davidow commenced a suit in St. Helena Township of Napa County in unlawful detainer against this petitioner, to which an answer was filed. At the time of the trial no evidence was adduced. On motion of the plaintiff the justice's court rendered judgment on the pleadings against this petitioner to the effect that the plaintiff in that suit is entitled to possession of the premises which are involved therein. Notice of appeal from that judgment was duly filed "on questions of both law and fact". An undertaking on appeal was also furnished. A certified copy of the justice's docket, together with the notice of appeal, the undertaking and the pleadings were transmitted to the

superior court. No statement on appeal was settled or filed as required by section 977 of the Code of Civil Procedure. The pleadings were not lawfully before the superior court for any purpose. On the theory that the superior court was without a record upon which it could try or determine the appeal on either questions of law or fact, the cause was dismissed. Upon that record a petition for a writ of *manda-mus* was filed in this court. It is contended the superior court should have determined the appeal on questions of law.

 Where an appeal has been properly perfected from a justice's court to the superior court, either upon questions of law or facts or upon both law and facts, the superior court should hear and determine the appeal, and under such circumstances a dismissal of the action by the superior court would be erroneous since, in effect, the dismissal is a denial of jurisdiction and a refusal to pass upon the matters properly presented to the upper court. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978]; *Edwards* v. *Superior Court,* 159 Cal. 710 [115 Pac. 649].) In an appeal from a justice's court on questions of law alone, it is necessary to transmit to the superior court "a certified copy of his docket, the statement as admitted or as settled, the notice of appeal, and the undertaking filed". (Sec. 977, Code Civ. Proc.) In the event of an appeal on questions of law alone, the settled statement of the case should necessarily include the pleadings when they are involved in the questions of law to be determined on appeal. Otherwise the pleadings are not properly before the court on appeal so as to entitle them to be considered by that tribunal. Where no statement has been settled in an appeal on questions of law, the mere transmitting of the pleadings to the superior court does not authorize that court to consider them in determining questions of law for the reason that the pleadings are not before that court in the manner provided by statute. If the appeal is taken on questions of fact, or on questions of both law and facts "a certified copy of his (the justice's) docket, the pleadings, all notices, motions, and all other papers filed in the cause, the notice of appeal, and the undertakings filed", must be transmitted to the superior court. (Sec. 977, Code Civ. Proc.)

■ It is true that on an appeal from a justice's court on questions of law alone, where the certified copy of the docket contains all the information that is necessary to determine the questions involved, the superior court is not without jurisdiction to hear and determine the appeal, even though no statement on appeal is settled or transmitted to that court. (*Rauer's Law etc. Co.* v. *Superior Court*, 26 Cal. App. 289 [152 Pac. 957]; *Himovitz* v. *Justice's Court*, 77 Cal. App. 95 [246 Pac. 82, 263 Pac. 384]; *Peacock* v. *Superior Court*, 163 Cal. 701 [126 Pac. 976].) ■ In the present case, the certified copy of the docket was properly before the superior court although no statement of the case was settled or forwarded to that court. The certified copy of the docket, however, does not contain the necessary information upon which the questions of law may be determined. It does not contain the contents of the pleadings. It merely contains the dates and the fact that the pleadings were filed in the justice's court, and that judgment was rendered on the pleadings. Assuming, without so deciding, that this court under proper circumstances would be warranted in issuing a writ of *mandamus* to compel the superior court to decide the appeal to that court on questions of law, there is no record before that court in the present case upon which it may determine whether the pleadings justified the justice's court in rendering judgment on the pleadings. It is absolutely necessary to resort to the pleadings to determine that fact. No statement was settled or transmitted to the superior court, and the pleadings are not legally before that court. The certified copy of the docket does not contain the necessary facts to determine that question, and the superior court was without jurisdiction and has no adequate record upon which it may decide the questions of law. We are therefore of the opinion the superior court properly dismissed the purported appeal.

The writ of *mandamus* is denied.

Pullen, P. J., and Plummer, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of

Appeal, was denied by the Supreme Court on February 28, 1935.

Curtis, J., and Thompson, J., voted for a hearing.