[Civ. No. 6887. Third Dist. Oct. 26, 1942.]

E. VAYNE MILLER, Petitioner, v. THE SUPERIOR COURT OF COLUSA COUNTY, et al., Respondents.

E. Vayne Miller in pro. per., for Petitioner.

C. D. McComish for Respondent.

ADAMS, P. J.—Petition for writ of review.

On January 21, 1942, an action was begun in the Justice's Court of Colusa Judicial Township, County of Colusa, by Elizabeth Sartain, seeking to recover from E. Vayne Miller the sum of $164.50 and costs. Defendant demurred to the complaint, but the demurrer was overruled and he was given ten days to answer. On his failure to answer within the time allowed, his default was entered on April 2, and judgment rendered for plaintiff in the sum of $169.50. On April 4, defendant filed an answer in form of a general denial, and on April 11, he filed notice of motion to set aside the judgment, "upon the grounds of defendants or employees inadvertence, surprise, mistake and excusable neglect," his affidavit being attached thereto. Upon hearing, the motion was denied. On April 14, defendant filed notice of appeal to the Superior Court of Colusa County, from the judgment, and in particular, from the order of the justice's court denying his motion to set aside the default. The appeal was asserted to be taken on questions of both law and fact. No statement of the case accompanied same, but on May 1, a purported statement was filed in the superior court, reading:

"That a complaint and summons was filed in the Justices

Court of the Colusa Judicial Township and was thereafter served on Defendant and his time to appear was March 31st 1942, and that his answer actually arrived from Los Angeles on about the 2nd or 1st day of April 1942 and default judgment was entered against Defendant on or about the 1st day of April 1942 and that on or about the 11th day of April 1942 that Defendant did move to set said judgment aside on the grounds set forth in Section 473 C. C. P. and that Justice of Peace denied said motion and that Defendant did appeal from said judgment and order denying said motion to the above entitled court.''

There is no evidence that said statement was filed with, or settled by, the justice, or'that it was ever served upon the adverse party.

On May 18, plaintiff served and filed notice of motion to dismiss defendant's appeal, on the grounds that the judgment being a default judgment was not appealable and that the appeal from the order denying motion to set aside default, being an order made after judgment, must be on questions of law alone, and that appellant did not properly perfect his appeal, since no statement of the case was served or filed as required by section 975 of the Code of Civil Procedure. Motion to dismiss was heard by the superior court, and after argument by counsel an order was made and entered dismissing said appeal.

█ Petitioner now asks this court to determine ''the lawfulness'' of the aforesaid order of dismissal, asserting that the complete record of all of the proceedings in the justice's court was before the superior court, that no evidence was taken in the justice's court, that the appeal was an appeal upon a question of law only, and that a statement of the case therefore was not necessary and was surplusage because the error complained of by appellant appeared in the papers sent up. Annulment of the order of dismissal is asked upon the ground that the court acted without and in excess of its jurisdiction, and that it erred in dismissing said appeal, for the reason that the law did not require the filing of a statement of the case, and that a statement was actually filed.

Appellant relies upon a line of cases beginning with *Southern Pacific Co.* v. *Superior Court,* 59 Cal. 471, 474, as authority for his contention that no statement is necessary. It is true that in the above cited case it was held that on such an appeal on questions of law alone, where the alleged

errors appeared in the copy of the justice's docket or in the copies of papers sent up by the justice, as required by sections 975 and 977 of the Code of Civil Procedure, there was no necessity for a statement. The court said that section 975, *supra,* related to "statements" containing "the grounds upon which the party intends to rely upon the appeal, and so much of the evidence, as may be necessary to explain the grounds,"—that is, cases in which a statement of evidence was necessary to explain the grounds, and that since the papers required to be sent up under section 977, *supra,* showed the error relied upon, there could be no necessity for a statement. Section 975, *supra,* was, however, amended in 1941, so that now said section requires that when the appeal is on questions of law alone, the statement of the case must contain not only so much of the evidence but also "such other proceedings" as may be necessary for a determination of the appeal. Also, section 977, *supra,* as amended in 1941, provides that the papers to be transmitted to a superior court upon filing of the notice of appeal, etc., when such appeal is on questions of law alone, are a certified copy of the entries in the docket relating to the action, all written pleadings in the action, the statement as settled, and all exhibits, notices, affidavits, orders, and other papers and documents on file with the court "which are referred to in the statement by designations sufficient to identify them," the notice of appeal and the undertakings filed. In the case before us there is no reference in the purported statement to any exhibits, notices, affidavits, orders or other papers or documents on file with the court.

In *Butler* v. *Superior Court,* 3 Cal.App.2d 508 [39 P.2d 860], this court held that while on appeal from the justice's court on questions of law alone, where the certified copy of the docket contained all the information that was necessary to determine the question involved, the superior court was not without jurisdiction to hear and determine the appeal even though no statement on appeal was settled or transmitted to that court. (*Rauer's Law, etc. Co.* v. *Superior Court,* 26 Cal. App. 289 [152 P. 957] ; *Himovitz* v. *Justice's Court,* 77 Cal. App. 95 [246 P. 82, 263 P. 384] ; *Peacock* v. *Superior Court,* 163 Cal. 701 [126 P. 976].) But that where the certified copy of the docket did not contain the necessary

information upon which the questions of law might be determined, and no statement was settled or transmitted to the superior court, and the papers necessary to such determination were not legally before that court, the superior court was without jurisdiction, and had no adequate record upon which it might decide the questions of law, and that the purported appeal was properly dismissed. So in the instant case. The statement filed in the superior court was neither filed in the justice's court, nor settled nor served; it contains no portion of the record upon which an error of the justice's court could be determined, and no such record was legally before the superior court.

Furthermore, as to the alleged error of the justice's court in refusing to set aside defendant's default, it is well established that the granting of relief from a default lawfully taken is a matter of discretion which will not be interfered with on appeal unless an abuse of discretion is clearly shown. (14 Cal.Jur. 1072.) An examination of petitioner's affidavit filed in support of his motion to set aside the default does not convince us that the justice's court abused its discretion in denying defendant's motion in this case.

The order is affirmed.

Thompson, J., and Schottky, J. pro tem., concurred.