[Civ. No. 12612.   First Dist., Div. One.   Apr. 26, 1944.]

H. BOGHOSIAN, Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Milo Ayer for Petitioner.

James R. Agee and Joseph W. Bernal for Respondents.

KNIGHT, J.—The superior court denied petitioner's motion to dismiss a justice's court appeal, and thereupon proceeded to hear and determine anew the subject matter of the appeal. Petitioner now seeks through this proceeding in certiorari to have annulled the order so denying his motion to dismiss and all proceedings had subsequent thereto. The jurisdictional issue involved relates to the question of the

legal sufficiency of the record upon which the appeal was heard and determined.

The following are the material facts: In July, 1942, petitioner brought an action in the justice's court against Al Scott to recover the principal and interest claimed to be due on a promissory note dated February 4, 1930, and payable 45 days after date. Scott failed to appear or answer, and in August, 1942, a default judgment was entered against him. In November, 1942, he moved to vacate the judgment upon the ground that he had not been served with summons; the motion was heard on conflicting affidavits, and on December 30, 1942, was denied. Thereafter he presented a second motion to vacate the judgment. It was made pursuant to the provisions of section 473 of the Code of Civil Procedure on the grounds of mistake, inadvertence, surprise and excusable neglect; and attached to the notice of motion was a proposed answer which Scott asked leave to file. This motion also was heard on conflicting affidavits, and on March 3, 1943, was denied. Scott gave notice of appeal from the order of December 30, 1942, and from the order of March 3, 1943. The notice stated: "This appeal . . . is taken on questions of both law and fact." No statement of the case was presented to the justice for settlement, but in due course and on April 9, 1943, the clerk of the justice's court transmitted to and filed in the superior court the complete file in the action, which included all of the papers required by section 977 of the Code of Civil Procedure to be transmitted to the superior court on an appeal taken either on questions of law alone or of law and fact. Thereafter and on October 14, 1943, petitioner moved the superior court to dismiss the appeal. Among the grounds urged therefor were that the appeal from the order of December 30, 1942, was not taken within the time prescribed by law; and that in the absence of any statement of the case prepared and settled in conformity with sections 975 and 977 of the Code of Civil Procedure the superior court was without jurisdiction to consider or determine the appeal from either order. The superior court granted the motion insofar as it related to the order of December 30, 1942; but it denied the motion insofar as it was directed against the order of March 3, 1943, "on the ground that the appeal is one on questions of law and fact and no statement of the case, as provided by section 975 of the Code of Civil Procedure,

is necessary.'' The court then upon the record before it proceeded to hear and determine anew Scott's motion to be relieved from his default. As the result of the hearing it was ordered that the motion be granted; that Scott be permitted to file his answer to the complaint, and the clerk of the court was ''ordered and directed to re-transmit the papers on file in this proceeding to the Justice's Court of the City of Berkeley for a trial of the case upon the issues raised by the Complaint and Answer.''

The position taken by the petitioner in substance is this: that the order from which the appeal was taken was made in a proceeding involving the exercise of a discretionary power vested in the justice's court, and that therefore, regardless of the statement in the notice of appeal that the appeal was taken on questions of both law and fact, the appeal necessarily was taken on a question of law alone; and that being so, that a statement of the case was necessary in order to give the reviewing court jurisdiction to hear and determine the appeal.

It is our opinion that in view of the present code sections governing justice's court appeals petitioner's position is not sustainable. Section 974 of the Code of Civil Procedure provides for an appeal from a judgment rendered in the justice's court and prescribes that it shall be taken by filing and serving notice of appeal, stating whether the appeal is taken on questions of law or fact or both. In 1937 section 975 was amended so as to allow an appeal to be taken from any special order made after judgment, and as so amended the section further provides that such an appeal may be taken ''in the manner provided in the preceding section,'' that is, by filing and serving a notice of appeal, stating whether the appeal is taken on questions of law or fact or both; and in this connection it has been held that a motion to set aside a default judgment involves a decision on questions of both law and fact. (*Roehl* v. *Texas Co.,* 107 Cal.App. 708 [291 P. 262].) Also in 1937 section 976 was amended to read as follows: ''When a party appeals to the superior court on questions of fact, or on questions of both law and fact, no statement need be made, but the action or hearing on the order made after judgment must be tried or heard anew in the superior court.'' The clause ''or hearing on the order made after judgment'' was inserted by the 1937 amendment. Therefore in the present case it would seem clear that not only was Scott entitled

to take an appeal from the order of March 3, 1943, on questions of both law and fact, but that having done so no statement of the case was necessary; that he was entitled to have the subject matter of the appeal tried anew in the superior court.

In support of his position petitioner relies principally on the case of *Miller* v. *Superior Court*, 55 Cal.App.2d 126 [130 P.2d 138], wherein the District Court of Appeal sustained an order made by the superior court granting a motion to dismiss an appeal taken from an order made by the justice's court denying a motion to set aside a default judgment. An analysis of that case shows, however, that the precise point here involved was not there urged or considered. The appeal ''was asserted to be taken on questions of both law and fact'' and a purported statement of the case was filed in the superior court; but there was no evidence showing that such statement was filed with or settled by the justice, or that it was ever served on the adverse party. As ground for dismissal of the appeal it was contended that the appeal from the order denying the motion to set aside the default, being an order made after judgment, must be on questions of law alone, and that appellant did not properly prosecute his appeal since no statement of the case was served or filed as required by section 975 of the Code of Civil Procedure. The motion was granted; and when the matter came before the District Court of Appeal on certiorari the position taken by the petitioner was, as stated by the District Court of Appeal, ''that the complete record of all of the proceedings in the justice's court was before the superior court, that no evidence was taken in the justice's court, *that the appeal was an appeal upon a question of law only,* and that a statement of the case therefore was not necessary and was surplusage because the error complained of by appellant appeared in the papers sent up.'' (Italics added.) Therefore the District Court of Appeal, treating the appeal as one taken on a question of law alone, proceeded to determine whether the papers and documents transmitted to and filed in the superior court, in the absence of a statement of the case, constituted a record legally sufficient to present the appeal; and it was held that the papers and documents so transmitted did not meet the legal requirements of section 977 of the Code of Civil Procedure as amended in 1941; that therefore the superior court did not have jurisdiction to entertain the appeal. So far as

the decision in that case reveals, it was never there contended, either in the superior court or in the District Court of Appeal, that under the 1937 amendment to section 976 no statement of the case is necessary where the appeal is taken on questions of both law and fact from an order made after judgment.

In the present case, however, the result would be the same even though the appeal were to be treated as one taken on questions of law alone, for the reason that all of the papers and documents required by section 977 of the Code of Civil Procedure to be transmitted to or filed with the superior court along with a statement of the case on an appeal on questions of law alone were so transmitted and filed. Therefore, under the doctrine of the following cases the superior court was not without jurisdiction to hear and determine the appeal, even though no statement of the case was settled and transmitted to the superior court. (*Butler* v. *Superior Court*, 3 Cal. App.2d 508 [39 P.2d 860] ; *Rauer's Law, etc. Co.* v. *Superior Court*, 26 Cal.App. 289 [152 P. 957] ; *Himovitz* v. *Justice's Court*, 77 Cal.App. 95 [246 P. 82, 263 P. 384] ; *Peacock* v. *Superior Court*, 163 Cal. 701 [126 P. 976.].)

For the reasons stated, the order of the superior court denying the motion to dismiss and all proceedings had and orders made subsequent thereto are affirmed.

Peters, P. J., and Ward, J., concurred.